Steve WILLIE, Plaintiff-Appellee
Cross-Appellant,

v.

CONTINENTAL OIL COMPANY, et al., Defendants,

Offshore Logistics, Inc.,
Defendant-Appellant
Cross-Appellee.

No. 83-3682.

United States Court of Appeals,
Fifth Circuit.

Nov. 6, 1984.

Phelps, Dunbar, Marks, Claverie & Sims, Clayton G. Ramsey, Bettye A. Barrios, New Orleans, La., for defendant-appellant cross-appellee.

Abadie, Harang & Colvin, Peter J. Abadie, Jr., New Orleans, La., for plaintiff-appellee cross-appellant.

Before WILLIAMS, JOLLY and HILL, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Before the notice of appeal by Offshore Logistics, Inc., and before a cross-appeal by Steve Willie from an October 20, 1983 judgment, the co-defendant Booker Drilling Company filed a motion on October 25, 1983 to amend the original judgment of the district court in order that the judgment would be in accordance with the pretrial stipulations of the parties. The district court, without leave of this court, granted the motion, and amended the original judgment on December 2, 1983. The question before us is whether Booker's Motion to Amend suspended the finality of the October 20, 1983 judgment; if it did, then there is no appeal before this court. We hold that the Booker Drilling Company motion did not suspend the finality of the judgment, since it was brought pursuant to Federal Rule of Civil Procedure 60(b)(I). The district court, however, was divested of jurisdiction to act on the motion to amend the judgment once the notice of appeal had been filed. The December 2, 1983 judgment is therefore a nullity. We grant leave to the district court to enter validly Booker's motion to amend.

## I.

Steve Willie was injured while working aboard an oil production platform owned by Continental Oil Company (Conoco) located in the Gulf of Mexico. Pursuant to the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, *et seq.*, Willie filed suit against Conoco, Danos and Curole Marine Contractors, Inc. (Danos and Curole), Offshore Logistics, Inc. (Offshore) and Booker Drilling Company (Booker). Prior to trial, Willie settled with Danos and Curole, Conoco, and Booker. This left to be tried only Willie's suit against Offshore and Offshore's cross-claim against Booker. Offshore's cross-claim against Booker was the subject of a pretrial stipulation which provided that Offshore would only be held responsible for the percentage of fault, if any, found against it.

The trial court, sitting without a jury, conducted a trial and entered judgment in favor of Willie in the amount of $300,183.94 against Offshore. The judgment also provided that Offshore could recover fifty percent of the judgment amount from Booker on its cross-claim. In providing for contribution by Booker to Offshore, rather than providing that the sum of damages awarded against Offshore be reduced to reflect Offshore's proportionate fault, the judgment of September 8, 1983 was contrary to the stipulation entered into among all counsel prior to trial.

An amended judgment entered on October 20, 1983, changed only the date from which interest was to run and did not correct the judgment to reflect accurately the terms of the stipulation. On October 28, 1983, Offshore filed its Notice of Appeal from the October 20, 1983 judgment, and on November 2, 1983, Willie cross-appealed from this same judgment. The appeal was docketed on November 3, 1983.

On October 25, 1983, Booker filed a motion entitled "Motion to Amend Judgment" which sought to change the court's amended judgment to reflect the terms of the stipulation entered into prior to trial regarding Offshore's cross-claim. The hearing on the second motion to amend the judgment was set for November 23, 1983. On December 2, 1983, the district court entered the amended judgment. The appellate briefs of the parties were filed in this court, but addressed the correctness of the December 2, 1983 judgment rather than the October 20, 1983 judgment appealed from. The court, *sua sponte*, noted the procedural and jurisdictional problems on appeal presented by the entry of the amended judgment after notice of appeal had been filed. The parties were called upon to brief these questions, which we now decide.

## II.

The initial question which must be addressed is whether Booker's Motion to Amend the Judgment was brought under Federal Rule of Civil Procedure 59(e), 60(a), or 60(b). A timely and proper motion brought under Rule 59(e) to alter or amend a judgment suspends the finality of the

district court judgment. *Williams v. Bolger*, 633 F.2d 410 (5th Cir.1980). If Booker's motion was brought under Rule 59(e), then this court does not have jurisdiction to hear this appeal, since the motion was pending at the time the notice of appeal was filed, and no appeal was taken once the judgment became final. Fed.R.App.P. 4(a)(4). If, however, the motion was brought under Rule 60(b), then the parties cannot appeal this amended judgment, since the docketing of the appeal divested the district court of jurisdiction to render the judgment. *Alvestad v. Monsanto Co.*, 671 F.2d 908, n. 2 (5th Cir.1982). It is only if Booker's motion can be maintained under Rule 60(a) that the judgment is valid, and is properly before the court of appeal. *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298 (5th Cir.1984).

■ Booker's Motion to Amend Judgment did not stipulate the rule under which it was proceeding to amend the judgment. Booker's failure to designate the rule is not significant, however, since neither the courts nor the parties are bound by the title given to the motion. *Huey v. Teledyne, Inc.*, 608 F.2d 1234 (9th Cir.1979); *Hutches v. Renfroe*, 200 F.2d 337 (5th Cir. 1952); 6A J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* § 59.12 at 278 (1984). After reviewing the relevant case law interpreting Rules 59(e), 60(a) and 60(b), we conclude that Booker's Motion to Amend Judgment was brought under Rule 60(b).

■ Booker's motion was not brought under Rule 59(e), since a motion brought under Rule 59(e) questions the substantive correctness of a judgment. *Miller v. Leavenworth-Jefferson Electric Cooperative, Inc.*, 653 F.2d 1378 (10th Cir.1981); 9 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* § 204.12 at 951 (1984). Booker's motion in this case sought to correct a mistake committed by the district court when the court failed to enter judgment pursuant to the pretrial stipulation. The motion did not seek to have the district court reconsider the judgment within the contemplation of Rule 59(e).

■ Similarly, Booker's motion to amend cannot be maintained pursuant to Rule 60(a), since that rule permits only the correction of errors which are created by mistake, oversight or omission, and are clerical in nature. *Warner III v. City of Bay St. Louis*, 526 F.2d 1211 (5th Cir.1976). Although Rule 60(a) errors need not be made by the clerk, they must be in the nature of a clerical or amanuensis-type mistake. *Jones v. Anderson-Tully Co.*, 722 F.2d 211 (5th Cir.1984). They are not errors of substantive judgment or errors that determine substantive rights of the parties. *Trahan v. First National Bank of Ruston*, 720 F.2d 832 (5th Cir.1983); *Dura-Wood Treating Co. v. Century Forest Industries, Inc.*, 694 F.2d 112 (5th Cir.1982).

■ Booker's motion to amend the judgment to reflect the stipulation of the parties is properly maintainable under Rule 60(b)(1). This rule permits the district court to correct a judgment which is erroneous, and caused by mistake, inadvertence, surprise or excusable neglect. This case is analogous to *West Virginia Oil & Gas Co. v. George E. Breece Lumber Co.*, 213 F.2d 702 (5th Cir.1954), and *Jones v. Anderson-Tully Co.*, *supra*. Both *West Virginia* and *Jones* involved a situation where the judgment purportedly contained an erroneous description of land that was the subject matter of the lawsuit. In both cases, the court classified the motions which sought to amend the land description as being brought under Rule 60(b). The court specifically refused to classify the motions as being brought pursuant to Rule 60(a) since the mistakes were not clerical, but in the nature of inadvertence or excusable neglect governed by Rule 60(b). Similarly, the amendment of the judgment in this case to reflect the stipulations of the parties involves the substantive rights of the parties, and is more than a clerical mistake.

■ Having decided that Booker's motion was made pursuant to Rule 60(b)(1), we must next address the consequences of filing a 60(b)(1) motion in the district court

while an appeal from the judgment is pending in the appeals court. The filing of a timely and sufficient notice of appeal transfers jurisdiction over matters involved in the appeal from the district court to the court of appeals. *Alvestad v. Monsanto Co.,* 671 F.2d 908, n. 2 (5th Cir.1982); *United States v. Hitchmon,* 602 F.2d 689 (5th Cir.1979). The district court is divested of jurisdiction to take any action with regard to the matter except in aid of the appeal. *Hitchmon,* 602 F.2d at 692.

When a Rule 60(b) motion is filed while an appeal is pending, this circuit, along with other circuits and the commentators, has expressly recognized the power of the district court to consider on the merits and deny a 60(b) motion filed after a notice of appeal, because the district court's action is in furtherance of the appeal. *Lairsey v. Advance Abrasive Co.,* 542 F.2d 928 (5th Cir.1976); *Ferrell v. Trailmobile, Inc.,* 223 F.2d 697 (5th Cir. 1955). When the district court is inclined to grant the 60(b) motion, however, then it is necessary to obtain the leave of the court of appeals. *Id.* Without obtaining leave, the district court is without jurisdiction, and cannot grant the motion.

Our analysis leads to the conclusion that there is an appeal from the final judgment entered on October 20, 1983 pending before this court. The second amended judgment, however, was entered by the district court at a time when it did not have jurisdiction. *See Huey v. Teledyne, Inc.,* 608 F.2d 1234 (9th Cir.1979). The district court was powerless to correct its earlier order. Moreover, there is no notice of appeal from that judgment, void as it is. We therefore grant leave to the district court for reentry of the judgment erroneously and invalidly entered on December 2, 1983. Upon such entry and the filing of a notice of appeal from the newly entered judgment, the clerk of our court shall consolidate both appeals. This court will retain jurisdiction of the appeal before it which will be held in abeyance, and no action taken until the appeals are consolidated. No further briefing is required.[1]

LEAVE is granted to the district court for reentry of the judgment previously entered December 2, 1983.

REMANDED for entry of order.

---

1. We fully recognize that our opinion may be criticized as overtechnical. We are conscious of the senseless appearance of what we feel required to do. Nevertheless for uniform and consistent application of our own procedural and jurisdictional rules, we believe this to be the only route to follow. A short cut here could someday haunt us and others as bad precedent difficult to avoid.