Steve WILLIE, Plaintiff-Appellee,
Cross-Appellant,

v.

CONTINENTAL OIL CO., et al., Defendants,

Offshore Logistics, Inc.,
Defendant-Appellant,
Cross-Appellee.

Nos. 83–3682, 84–3848.

United States Court of Appeals,
Fifth Circuit.

March 12, 1986.

Phelps, Dunbar, Marks, Claverie & Sims, Clayton G. Ramsey, Bettye A. Barrios, New Orleans, La., for defendant-appellant, cross-appellee.

Abadie & Kohnke, Peter J. Abadie, Jr., New Orleans, La., for Steve Willie.

Drury & Lozes, New Orleans, La., for Booker.

Before CLARK, Chief Judge, GEE, RUBIN, REAVLEY, POLITZ, TATE, JOHNSON, WILLIAMS, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, HILL and JONES, Circuit Judges.[*]

ALVIN B. RUBIN and TATE, Circuit Judges:

Two panels of this court reached conflicting decisions concerning the classification of a post-judgment motion to amend the district court's judgment. *Compare Harcon Barge Co. v. D & G Boat Rentals,*

---

[*] Judge Randall did not participate in this decision.

*Inc.,*[1] *with Willie v. Continental Oil Co.*[2] *Willie* allowed a court discretion to classify a post-judgment motion as invoking either Rule 59(e) or Rule 60. *Harcon Barge,* on the other hand, held that, if a post-judgment motion falls within the scope of Fed.R.Civ.P. 59(e), and it is timely served within ten days after entry of judgment as the rule requires, then the court must consider it a Rule 59(e) motion for the purposes of Fed.R.App.P. 4(a)(4), however it may be styled. The court, therefore, ordered both reheard en banc.

In *Willie,*[3] one of the parties filed and served a "Motion to Amend Judgment" within ten days after the entry of the disputed judgment. Shortly thereafter, the appellant and cross-appellant filed their notices of appeal. The district court subsequently granted the motion to amend on December 2, 1983. In our en banc decision today in *Harcon Barge,* we hold that any motion to amend a judgment served within ten days after the entry of judgment, except for a proper Rule 60(a) motion to correct purely clerical errors, is to be considered a Rule 59(e) motion. As such, it suspends the time for filing a notice of appeal and renders premature any notice of appeal previously filed.[4] In accordance with that decision, we hold that the motion to amend the judgment in this case was a Rule 59(e) motion, and the previously filed notices of appeal were null under Fed.R.App.P. 4(a)(4). No notices of appeal were filed after the amended judgment was entered on December 2, 1983, and the time for filing has long since expired. This court, therefore, lacks jurisdiction to hear the appeal.

We therefore order that the appeal in this case be dismissed, and the district court's amended judgment of December 2, 1983 be reinstated. Costs shall be borne equally by the appellant and cross-appellant.

APPEAL DISMISSED.

E. GRADY JOLLY, Circuit Judge, with whom JERRE S. WILLIAMS and ROBERT MADDEN HILL, Circuit Judges, join, specially concurring:

When the panel wrote its opinion in this case, there was, as has been noted by the en banc opinion in *Harcon Barge v. D & G Boat Rentals, Inc.,* 784 F.2d 665 at 668, 1986 (en banc), no exact method delineated in the cases of our circuit for treating motions to amend judgment. In other words, until today there has been no bright-line rule in our circuit distinguishing which post-judgment motions are to be treated under Rule 59(e) and which under Rule 60, the rules overlapping as they do. The panel, therefore, saved the appeal by holding that the motion in this case could be properly treated as a Rule 60(b) motion.

Today, we agree with the en banc court in *Harcon* that a bright-line rule is required in determining the applicability of the provisions of Rule 4(a)(4), Federal Rules of Appellate Procedure, to post-judgment motions. Accordingly, we are willing to acquiesce in the holding the court has reached that all motions served within ten days of entry of judgment (except those relating to clerical errors), are to be treated under Rule 59(e). We therefore concur in the result reached in this case that there was no timely notice of appeal filed and hence we have no jurisdiction to hear this appeal.

**1.** 746 F.2d 278 (5th Cir.1984), *vacated,* 760 F.2d 86 (5th Cir.1985) (ordering rehearing en banc), *appeal dismissed,* 784 F.2d 665 (5th Cir.1986) (en banc).

**2.** 746 F.2d 1041 (5th Cir.1984), *vacated,* 760 F.2d 87 (5th Cir.1985) (ordering rehearing en banc).

**3.** A full description of the facts can be found in the panel opinion. *Willie v. Continental Oil Co.,* 746 F.2d 1041 (5th Cir.1984). We give only those facts necessary for the rehearing.

**4.** 784 F.2d 665, at 668 (5th Cir.1986) (en banc).