Debra BODIN, Astor Morgan, David Dyson, and Clomare Trahan, Plaintiffs–Appellants,

v.

GULF OIL CORP., Sun Oil Co., Exxon U.S.A., Inc., Defendants–Appellees.

No. 88–2608
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 20, 1989.

---

Debra Bodin, pro se.

Donna C. Kline, Houston, Tex., for plaintiffs-appellants.

Michael C. Smith, Tulsa, Okl., for Gulf.

Cynthia Keely Timms, Michael V. Powell, Dallas, Tex., for Sun Oil.

W.N. Blanton, III, Houston, Tex., Theresa U, Fay, Colleyville, Tex., for Exxon.

Before KING, JOHNSON, and JOLLY, Circuit Judges.

PER CURIAM:

Plaintiffs Debra Bodin, Astor Morgan, David Dyson, and Clomare Trahan ("the Dysons") appeal an order of the district court granting summary judgment in favor of defendants Gulf Oil Corporation, Sun Oil Company, and Exxon U.S.A., Inc. Because we lack jurisdiction to address the Dysons' appeal, we dismiss.

### I.

The Dysons originally filed the instant suit against the defendant oil companies on August 26, 1986. In their complaint, the Dysons sought to recover from the oil companies certain monies as royalties on past mineral production from a tract of property which the Dysons claimed to have owned. After the parties engaged in discovery, the defendant oil companies filed motions for summary judgment in June 1987. On June 16, 1987, a hearing was conducted by the district court on the motions for summary judgment of the defendant oil companies. It was not until approximately one year later, however, on June 16, 1988, that the district court orally granted the summary judgment motions of the defendant oil companies at a status conference attended by the parties. At that status conference, the Dysons orally moved for leave to amend their complaint to assert a different theory of recovery which the district court orally denied. A final written order granting the summary judgment motions of the defendant oil companies was subsequently entered by the district court on June 16, 1988, subject to a supplemental order of the district court entered that same day correcting a purely typographical error. The district court did not, however, enter a written order denying the Dysons' motion to amend their complaint at that time.

Thereafter, the Dysons filed a notice of appeal from the order of the district court granting the summary judgment motions of the defendant oil companies on July 5, 1988. After the Dysons filed their notice of appeal, the district court, on July 21, 1988, 707 F.Supp. 875, issued a memorandum opinion explaining its final order granting summary judgment in favor of the defendant oil companies. Finally, on July 25, 1988, the district court entered a written order denying the Dysons' motion to amend their complaint. The Dysons did not file a second notice of appeal from the July 25 order of the district court denying their motion to amend.

### II.

Initially, we note that none of the parties have raised the question of jurisdiction of this Court on appeal. Nevertheless, we must examine the basis of our jurisdiction over this appeal whether on our own motion or at the request of one of the parties. *In re Lift & Equipment Service, Inc.*, 816

F.2d 1013, 1015 (5th Cir.1987). Federal Rule of Appellate Procedure 4(a)(4) provides in pertinent part:

> If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party ... under Rule 59 to alter or amend the judgment; ... the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing.

In the instant appeal, the issue becomes whether the motion filed by the Dysons to amend their complaint constitutes a motion to alter or amend the June 16, 1988, judgment within the context of Fed.R.Civ.P. 59. To answer the above query, it is necessary to reference the en banc decision of this Court in *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.,* 784 F.2d 665 (5th Cir.) (en banc), *cert. denied,* 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986). In *Harcon Barge Co.,* this Court stated that "[i]f a motion falls within the scope of Rule 59(e), and it is timely served within ten days after entry of judgment as that rule requires, then the court must consider it as a Rule 59(e) motion for the purposes of Fed.R.App.P. 4(a)(4), regardless of how it is styled." *Harcon Barge Co.,* 784 F.2d at 668. In the instant appeal, the motion of the Dysons to amend their complaint was filed on June 23, 1988, within ten days of the final order of the district court granting the summary judgment motions of the defendant oil companies. As to whether the motion of the Dysons to amend their complaint falls within the purview of Rule 59(e), it is noted that

'[a]ny motion that draws into question the correctness of the judgment is functionally a motion under Civil Rule 59(e), whatever its label.' Virtually every circuit court has held that a motion that 'calls into question the correctness of a judgment should be treated as a motion under Rule 59(e), however it is styled.'

*Id.* at 669–70 (citations and footnotes omitted).

Persuaded that, by seeking to amend their complaint to assert a different theory of recovery, the Dysons were in effect calling into question the correctness of the judgment by the district court granting summary judgment in favor of the defendant oil companies, we conclude that the Dysons' motion to amend their complaint constituted a timely Rule 59(e) motion. As a result, pursuant to the express provisions of Rule 4(a)(4), the Dysons' motion to amend their complaint must have been finally disposed of by the district court before the Dysons could have filed an effective notice of appeal with this Court. In this regard, the time for filing a notice of appeal in the instant action commenced at the entry of the order by the district court on July 25, 1988, denying the Dysons' motion to amend their complaint.[1] The Dysons, however, failed to file a second notice of appeal from the above order by the district court. Therefore, since the notice of appeal filed by the Dysons on July 5, 1988, from the June 16, 1988, judgment was a nullity by virtue of the fact that the Dysons' motion to amend their complaint was still pending at the time the July 5 notice of appeal was filed by the Dysons in this Court, we lack jurisdiction to hear the instant appeal and accordingly dismiss.[2]

DISMISSED.

---

1. We note that the district court did orally deny the oral motion to amend the complaint urged by the Dysons at the status conference on June 16, 1988. The above oral denial by the district court, however, does not trigger the time for filing a notice of appeal within the context of Rule 4(a)(4) as the oral ruling by the district court did not comply with Fed.R.Civ.P. 58 and 79(a).

2. Because we dismiss the instant appeal for lack of jurisdiction, we deny as moot the motion to

supplement the record on appeal filed by the    Dysons.