UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 91-2556
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ONE 1988 DODGE PICKUP,
ROBERT QUINTANILLA-BUENDIA,

Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas

_____

Before GARWOOD, HIGGINBOTHAM and BARKSDALE, Circuit Judges.

GARWOOD, Circuit Judge:

This litigation was commenced when the United States (the Government), on February 12, 1991, filed a complaint for forfeiture alleging that a Mexican-made Dodge pickup truck brought into the United States was subject to forfeiture pursuant to 19 U.S.C. §§ 1608, 1613. Pursuant to Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the clerk of the district court issued a warrant of arrest for the defendant pickup truck. Notice of the action and arrest was then published in a newspaper of general circulation in the district on March 17, 24, and 31,

1991.  Any interested claimant was required to file a claim by April 10, 1991, and serve his answer within twenty days after the filing of the claim.  *See* Rule C(6) of the Supplemental Rules.  As no claim or answer challenging the forfeiture was made, the Government filed a motion for entry of default decree of forfeiture on April 16, 1991.   The district court's default judgment forfeiting the truck to the United States was entered the following day, April 17.  On April 22, 1991, appellant Robert Quintanilla-Buendia (Buendia), alleging that he owned the vehicle, filed and served a motion to set aside the default judgment, which the district court denied on May 15, 1991.  Buendia then filed and served a motion for rehearing on May 22, 1991, and a notice of appeal on May 28, 1991.  The motion for rehearing was denied by the district court on May 29, 1991.  No subsequent notice of appeal was filed.

We initially address whether the May 28 notice of appeal was nullified under Fed. R. App. P. 4(a)(4) by the May 22 motion for rehearing that was not disposed of until May 29.  If, under *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665 (5th Cir.) (en banc), *cert. denied*, 107 S.Ct. 398 (1986), the April 22 motion to set aside the April 17 default judgment is treated, for purposes of Rule 4(a)(4), as a motion under Fed. R. Civ. P. 59, then the notice of appeal would not be nullified by the pendency of the May 22 motion for rehearing.  This is because in that situation the May 22 motion for rehearing, complaining of the May 15 order overruling the April 22 motion, would, under *Harcon Barge*, be regarded as a Rule 59 motion directed to the overruling of a prior Rule 59 motion

2

(the April 22 motion); as such, the May 22 motion would not come within Rule 4(a)(4) because Rule 4(a)(4) does not embrace a second Rule 59 motion that merely challenges the denial of the original Rule 59 motion. *Ellis v. Richardson*, 471 F.2d 720, 721 (5th Cir. 1973); *Harrell v. Dixon Bay Transportation Co.*, 718 F.2d 123, 127 (5th Cir. 1983). On the other hand, if the April 22 motion, despite being filed and served within ten days after the April 27 judgment it sought to set aside, is regarded as being under Fed. R. Civ. P. Rule 60(b), rather than under Rule 59, and thus as not within Rule 4(a)(4), *see Browder v. Director*, 98 S.Ct. 556, 560 n.7 (1978), then the May 22 motion for rehearing would nullify the notice of appeal under Rule 4(a)(4). This is because an order (in this case that of May 15) denying a motion that is treated as one under Rule 60(b) is not only itself appealable, but is also properly subject to a Rule 59 motion (here the May 22 motion), and in such an instance a timely Rule 59 motion brings into play Rule 4(a)(4). *Eleby v. American Medical Systems*, 795 F.2d 411, 412-413 (5th Cir. 1986). Under that hypothesis, the May 22 motion, filed within ten days of the May 15 order it sought to set aside, would be regarded as a Rule 59 motion under *Harcon Barge*, and, as it was not disposed of until May 29, would nullify the May 28 notice of appeal.

We conclude that the April 22 motion is properly treated, for purposes of Rule 4(a)(4), as one under Rule 59, and that accordingly the May 28 notice of appeal was not nullified.

Although the April 22 motion recites that it is a "Motion to Set Aside Default Judgment pursuant to Rule 55(c) and Rule 60(b) of

3

the Federal Rules of Civil Procedure," it is clear that the proper characterization of the motion for these purposes is not determined by the label that the motion bears. The rule of *Harcon Barge* applies "regardless of how . . . [the motion] is styled", and "'however it is styled.'" *Id*. at 668, 670; *Bodin v. Gulf Oil Corp*., 877 F.2d 438, 440 (5th Cir. 1989).

A more persuasive argument against treating the April 22 motion as one under Rule 59 is the provision of Fed. R. Civ. P. Rule 55(c) that "for good cause shown, the court . . . if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." *See also* 10 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2692, p. 465 (1983) ("Rule 55(c) expressly makes the procedure and grounds set out in Rule 60(b) for relief from final judgments applicable to default judgments."). The First and Eleventh Circuits have relied on this language in Rule 55(c) to hold that a motion to set aside default judgment, filed within ten days after the judgment but not denied until more than thirty days thereafter, was not a Rule 59 motion, and hence did not come within Rule 4(a)(4) so as to postpone running of the time to give notice of appeal. In each case, the only notice of appeal was given within thirty days after the order overruling the motion to set aside the default judgment, and the court of appeals took jurisdiction of the appeal from that order (as to which no motion for reconsideration had been filed in the trial court) and ultimately reversed it, though applying a standard of review stated to be more restrictive than if the default judgment itself had been timely appealed. *Echevarria-Gonzalez v.*

4

*Gonzalez-Chapel*, 849 F.2d 24 (1st Cir. 1988); *Gulf Coast Fans v. Midwest Electronics Importers*, 740 F.2d 1499 (11th Cir. 1984). *Gulf Coast* was decided before *Harcon Barge* and *Echevarria* does not cite it or any of its progeny, such as *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir. 1986). On the other hand, the Seventh Circuit in essentially the same situation has applied *Harcon Barge* and *Charles* to hold that a motion to set aside default judgment, served within ten days after entry of the judgment, invoked Rule 4(a)(4), so that the time for giving notice of appeal did not start running until the district court overruled the motion, and that hence a notice of appeal given within thirty days thereafter was a timely appeal of both the default judgment itself and the order denying the motion to set it aside. *Anilina Fabrique de Colorants v. Aakash Chemicals*, 856 F.2d 873, 876 (7th Cir. 1988). *See also Sine v. Local No. 992*, 790 F.2d 1095 (4th Cir. 1986) (pendency of timely motion under Rule 59 to set aside default judgment renders notice of appeal filed before motion disposed of a nullity under Rule 4(a)(4)).

We elect to follow the approach taken by the Seventh Circuit in *Anilina*. As we stated in *Bodin*: "'[a]ny motion that draws into question the correctness of the judgment is functionally a motion under Rule 59(e)'" (*id*. at 440, quoting *Harcon Barge* at 669). In *Willie v. Continental*, 784 F.2d 706, 707 (5th Cir. 1986) (en banc), we observed "In our en banc decision today in *Harcon Barge*, we hold that any motion to amend a judgment served within ten days after the entry of judgment, except for a proper Rule 60(a) motion to correct purely clerical errors, is to be considered a Rule 59(e)

motion."[1] No exception is made or suggested for default judgments. To countenance such an exception would undermine the central rationale of *Harcon Barge*, which was to create a uniform "brightline rule." *Id*. at 670. *See also Charles* at 347. Nor do we consider that Rule 55(c) mandates a different result. While that rule does call Rule 60(b) into play, *Harcon Barge* clearly contemplates that its holding will apply even though the relief sought is available under Rule 60(b) and the motion specifically invokes Rule 60(b) alone. Nor does anything in the wording of Rule 55(c) expressly purport to make Rule 60(b) the exclusive vehicle by which a default judgment may be set aside. We noted in *Harcon Barge* that "[w]hile Rule 60(a), providing for the correction of clerical errors, limits the <u>otherwise unrestricted</u> scope of Rule 59(e), the same cannot be said of Rule 60(b)." *Id*. at 669 (emphasis added).[2] Whatever the effect of Rule 55(c) on the

---

[1] *See also Charles* describing the holding in *Harcon Barge*, which it adopts, as being "that all substantive motions served within 10 days of the entry of a judgment will be treated as based on Rule 59, and therefore as tolling the time for appeal." *Charles* at 347.

[2] We recognize that the Eleventh Circuit, in *Gulf Coast*, stated that Rule 55(c) made Rule 60(b) the "exclusive, method for attacking a default judgment in the district court." *Id*. at 1507. However, *Gulf Coast* gives no reasons for this conclusion and cites no authority for it; moreover, *Gulf Coast* is pre-*Harcon Barge*. In *Echevarria*, the First Circuit expressly declined to "decide whether a Rule 60(b) motion is the sole mechanism for attacking a default judgment," and instead relied on the fact that the motion there "specifically invoked Rules 55(c) and 60(b)" and not Rule 59, *id*. at 27, a ground of decision plainly at odds with the rationale of *Harcon Barge* (which *Echevarria* does not cite). In *Sine*, the Fourth Circuit held that a default judgment could be attacked by a Rule 59(e) motion; and the Seventh Circuit likewise implicitly so held in *Anilina*, at least for purposes of *Harcon Barge* and Rule 4(a)(4).

6

standard to be applied in ruling on a motion to set aside a default judgment served within ten days of the judgment's entry, or in reviewing such a ruling on appeal, a matter we do not decide,[3] we conclude that it does not govern the determination of whether the motion is within Rule 4(a)(4), and that such determination is properly made under the brightline rule of *Harcon Barge*. It seems evident that Rule 55(c) is not directed at the timing and effectiveness of notice of appeal or the effect thereon of Rule 4(a)(4), which is all that *Harcon Barge* relates to. Thus, application of *Harcon Barge* to default judgments will not undercut the purpose or function of Rule 55(c).[4]

Accordingly, we conclude that the April 22 motion, filed and served within ten days after entry of the April 17 judgment, was, pursuant to *Harcon Barge*, a Rule 59(e) motion for purposes of Rule

---

[3] As reflected in the text, *infra*, under no conceivable standard would we hold that the district court erred in entering the default judgment or overruling the April 22 motion.

[4] We also observe that treating all motions seeking to set aside a default judgment as Rule 60(b) motions has the disadvantage, in the case of motions served within ten days of the entry of the judgment, of enhancing the likelihood of unnecessary appeals: the defaulted party, in order to appeal the judgment itself instead of merely the denial of Rule 60(b) relief, will often have to do so before the district court rules on the motion (if the ruling is not made within thirty days of the judgment's entry), and if the district court is inclined to grant the motion, the appellate court will have to remand the case for this purpose, while if the district court denies the motion, a second appeal (often combined with a stay of the initial appeal) will likely ensue. The Seventh Circuit recognized at least some of these problems in *dicta* in its pre-*Harcon Barge* opinion in *Textile Banking Co. v. Rentschler*, 657 F.2d 844, 849-50 & n.2 (7th Cir. 1981) (there, however, no timely Rule 59 motion was filed in any event), but apparently regarded them as insignificant. We view these potential inefficiencies with somewhat more concern.

7

4(a)(4).  Hence, under *Ellis*, the May 22 motion attacking the May 15 denial of the April 22 motion, was not a motion within Rule 4(a)(4).  Therefore, the May 22 motion, though not disposed of until May 29, did not nullify the May 28 notice of appeal.[5]

We now turn to, and reject, Buendia's challenges to the default judgment and the May 15 order overruling his motion to set it aside.  The record reflects that the vehicle had been seized in August 1990 by United States Customs in Laredo, Texas, when Buendia drove it across the border from Mexico.  In November 1990, Buendia, aided by the attorney who represents him here and represented him below, filed a bond and claim respecting the vehicle with Customs,

---

[5]     Under Rule 4(a)(4), the timeliness of the notice of appeal is plainly to be measured from May 15, when the order overruling the April 22 motion (which we have held was a timely one under Rule 59(e)) was entered.  However, that makes no difference here as, the Government being a party to the case, the time allowed for notice of appeal is sixty days, Fed. R. App. P. 4(a)(1), so the notice would be timely even if measured from April 17, when the default judgment was entered.

The Government complains that the notice of appeal references only the April 17 default judgment itself, not the May 15 order.  But, as the May 15 order is one overruling a timely Rule 59(e) motion, the notice of appeal clearly suffices to bring up the April 17 judgment.  *Cf. Federal Trade Commission v. Hughes*, 891 F.2d 589 (5th Cir. 1990) (notice of appeal filed after denial of Rule 60(b) motion but referencing only the underlying judgment, and untimely as to it, does not suffice to bring up the denial of the Rule 60(b) motion, although timely in that respect).  Moreover, the notice of appeal also suffices to bring up the May 15 order.  *See Lloyd v. Gill*, 406 F.2d 585, 587 (5th Cir. 1969) ("The denial of appellants' motion for new trial is clearly reviewable here, since the appeal is from a final judgment.")*; Provancial v. United States*, 463 F.2d 760, 762 (8th Cir. 1972) ("Although the notice of appeal did not state that the appeal was being taken from the denial of the motion [for new trial or to amend findings and judgment], review here of both the judgment and the denial of the motion is proper.").  *Cf. Foman v. Davis*, 83 S.Ct. 227 (1962) (notice of appeal from denial of timely Rule 59(e) motion brings up underlying judgment also).

8

and both were notified that the United States Attorney would institute judicial forfeiture proceedings in federal court. Buendia and his attorney both reside in Laredo. In February 1991, these proceedings were instituted in the Laredo Division of the United States District Court for the Southern District of Texas. Notice of the proceedings was published three times, March 17, 24, and 31, 1991, in a newspaper of general circulation in Laredo. The Assistant United States Attorney called Buendia's attorney's office at least twice prior to April 4, 1991, and, Buendia's attorney being unavailable, left his name, number, and a message about the vehicle. Buendia's attorney received the messages. On April 4, the Assistant United States Attorney wrote Buendia's attorney advising that on April 8 he intended to file a motion for default judgment in the judicial forfeiture proceeding. Buendia admits that he received this letter on April 9. On April 10 the Assistant United States Attorney mailed his motion for entry of default judgment, sending a copy to Buendia's attorney at the same time. No response was made by Buendia's attorney to any of the foregoing until approximately April 10, when Buendia's attorney called but the Assistant United States Attorney was unavailable. Moreover, Buendia never filed or tendered a claim or answer in the judicial forfeiture proceedings and never asserted anything in the way of any even purported defense to the forfeiture.

The district court found that Buendia had adequate and timely notice of the judicial forfeiture proceedings, that he had failed to demonstrate good cause or excusable neglect for not sooner filing a claim or answer in those proceedings, and that he had made

9

no assertion or showing of any meritorious defense to the forfeiture. The record amply supports these findings. Under these circumstances, no error is demonstrated in either the district court's default judgment or in its refusal to set that judgment aside. *See, e.g., United States v. One 1978 Piper Navajo*, 748 F.2d 316, 318 (5th Cir. 1984) ("those claiming ownership in the . . . [forfeited item] needed to prove both that their failure to timely answer or otherwise defend was due to justifiable neglect and that they had a defense to the forfeiture which would probably have been successful").[6]

Accordingly, the district court's judgment is

AFFIRMED.

---

[6] Because Buendia's appeal is so clearly lacking in merit, we assume, *arguendo* only, that he has demonstrated adequate standing, despite never having filed or tendered an actual claim in the judicial forfeiture proceedings. Though we pretermit decision of that question, we note the following.

The Supplemental Rules for Certain Admiralty and Maritime Claims govern judicial forfeiture proceedings. *See One 1978 Piper Navajo*, 748 F.2d at 317. Buendia asserts that he complied with the Supplemental Rules by filing a claim and a cost bond prior to the start of judicial proceedings. However, under Supplemental Rule C(6), a claimant must file his verified claim within ten days of execution of process and serve his answer within twenty days after the filing of the claim. The rule states that a claimant "shall file his claim . . . after process has been executed." At least one court has held that a claimant may not satisfy the rule with a claim filed prior to execution of process. *United States v. U.S. Currency in the Amount of $2,857.00*, 754 F.2d 208, 213-14 (7th Cir. 1985). Moreover, a recognized authority states that "[t]he filing of a claim is a prerequisite to the right to file an answer and defending on the merits." 7A *Moore's Federal Practice* ¶ C.16, p. 700.14 (2d Ed. 1988). *See also Bank of New Orleans v. Marine Credit Corp.*, 583 F.2d 1063, 1068 (8th Cir. 1978); *One 1978 Piper Navajo*, 748 F.2d at 319.