IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20729
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                            versus


ONE (1) 1990 LEXUS, ET AL.,

                                        Defendants,

                            and

STEPHEN ANENE EZEOKE,

                                        Movant-Appellant.
_____

        Appeal from the United States District Court for the
                    Southern District of Texas
                      (4:95-CR-042-Y-06)
_____

                        October 9, 1996
Before REYNALDO G. GARZA, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Stephen Anene Ezeoke appeals the grant of default judgment and

partial summary judgment against one 1990 Lexus automobile in this

civil forfeiture action.  We conclude that the district court did

not err in awarding partial summary judgment to the government

_____

     [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

because no individual demonstrated ownership so as to make an adequate claim to the Lexus.

The Lexus and other property items were seized following Ezeoke's arrest on charges of bribing a United States Postal Service employee in a scheme to steal credit cards from the mail. Ezeoke pled guilty to the charge in 1992 and is currently incarcerated. At the same time, the government instituted a civil forfeiture action against the seized property.

Ezeoke filed an answer to the complaint, but did not file the verified claim required by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims.[1] At a later hearing, the government observed to the court that no claim had been filed, and the court questioned Ezeoke concerning his interest in the Lexus. Ezeoke made a series of conflicting statements, first stating that he had no interest in the car and that it belonged to his deceased mother in Nigeria. When the court informed Ezeoke that he could not represent his family, Ezeoke changed his story and indicated that he did have an inherited interest in the car.

---

[1]Ezeoke suggests that the claim his attorney filed with the Postal Inspector's office satisfies the requirements of Rule C(6). The purpose of a claim filed pursuant to 19 U.S.C. § 1608, however, is to prevent an *administrative* forfeiture from proceeding, and not to provide the required proof of ownership in a civil forfeiture case. See, e.g., United States v. U.S. Currency in the Amount of $2,857.00, 754 F.2d 208, 213 (7th Cir. 1985).

The district court, acting within its discretion under Rule C(6), extended the time for filing to permit notice to the representative of Ezeoke's mother's estate. Ezeoke was ordered to provide addresses for the individuals whom he alleged had ownership interests in the Lexus, and notice was duly sent by the government. Nearly seven months later, no claims had been filed, and the district court granted the government's motion for default judgment and partial summary judgment against the Lexus automobile.

Rule C(6) requires that a claimant to property subject to a forfeiture proceeding file a formal claim, verified on oath, within ten days after process has been served. We have previously held that the filing of a formal claim is a "prerequisite" to a claimant's right to proceed on the merits. United States v. One 1988 Dodge Pickup, 959 F.2d 37, 42 n.6 (5th Cir. 1992). Criminal defendants who decline to contest a concurrent forfeiture of seized property may not later cite the forfeiture in double jeopardy challenges to their convictions. United States v. Arreola-Ramos, 60 F.3d 188, 192 (5th Cir. 1996) (holding that defendant who had failed to file a Rule C(6) claim in forfeiture action could not claim that the forfeiture "punished" him); United States v. Schinnell, 80 F.3d 1064, 1068 (5th Cir. 1996) (same).

Ezeoke was given ample notice and opportunity to file the verified claim plainly required by Rule C(6). Ezeoke did not, nor

did any member of his family, despite the district court's specific invitation to do so. Consequently, the district court properly granted summary judgment to the government. Furthermore, Ezeoke's motion for reconsideration was meritless because he made no proffer of specific evidence of ownership sufficient to create a disputed issue of fact as to ownership of the Lexus. The fact that he has submitted additional evidence of ownership on appeal is of no consequence because it is, to say the least, untimely. Accordingly, the judgment of the district court is

AFFIRMED.