IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10152
USDC No. 3:97-CV-1839-R
_____

MARION R. MOSLEY,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEP'T OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
--------------------

August 5, 1999

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Marion R. Mosley, Texas inmate # 618348, seeks a motion to
enlarge the time in which he has to file an application for a
certificate of appealability (COA) to this court, as well as a
motion to enlarge the record.  Mosley appeals the denial of a
motion to amend his petition for habeas corpus relief filed
pursuant to 28 U.S.C. § 2254.

     We construe Mosley's notice of appeal as a motion for COA.
See Fed. R. App. P. 22(b).  Ostensibly, this court lacks

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

jurisdiction to entertain Mosley's motions because Mosley's appeal is from an order denying leave to file an amended complaint.  See Click v. Abilene Nat'l Bank, 822 F.2d 544, 545 (5th Cir. 1987); Wells v. South Main Bank, 532 F.2d 1005, 1006 (5th Cir. 1976).  However, Mosley had no choice but to file a notice of appeal because the district court's clerk's office closed his case after the motion to amend was denied, even though the order dismissing the motion did not dismiss the case.  A COA may be issued only if Mosley makes a "substantial showing of the denial of a constitutional right."  See § 2253(c)(2).  When the issue is nonconstitutional, like the jurisdictional question in this case, this court applies a two-step analysis to determine whether to issue a COA.  First, the court determines whether the movant has made a credible showing of error.  Only if that question is answered in the affirmative will the court consider whether the movant's underlying claim satisfies the COA standard. Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997).

The district court was without jurisdiction to grant Mosley post-judgment relief from its order dismissing Mosley's petition as time-barred because, after Mosley filed the July 9, 1998, notice of appeal from the denial of his Rule 59(e) motion, the district court was divested of its jurisdiction with respect to any matters involved in the appeal.  Willie v. Continental Oil Co., 746 F.2d 1041, 1046 (5th Cir. 1984), vacated, 760 F.2d 87 (5th Cir. 1985), rev'd on other grounds, 784 F.2d 706 (5th Cir. 1986) (en banc)).  Based on this procedural error, a COA is GRANTED.  Mosley's motions for an extension of time in which to

file a request for COA and to supplement the record on appeal are DENIED AS MOOT.

This court construes the district court's grant of post-judgment relief as a request for leave from this court to grant such relief, which the court grants. See Willie, 746 F.2d at 1046. The case is REMANDED to the district court for it to reenter its post-relief judgment and to conduct further proceedings as are necessary. See Le Premier Processors, Inc. v. United States, No. 90-3482 (5th Cir. Sept. 12, 1990) (unpublished).