IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21253
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ONE (1) ROLEX WATCH, Serial #A328055,

Defendant,

SIKAN ESSIEN,

Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-105
--------------------
June 18, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Sikan Essien appeals the default judgment entered in favor of
the Government in this 18 U.S.C. § 981 civil forfeiture proceeding
against One Rolex Watch, serial #A328055.  Essien argues that the
search of his residence and the seizure of the Rolex watch violated
his Fourth Amendment rights; the district court erred in holding
that he was collaterally estopped from challenging the seizure of

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the watch because he pleaded guilty to four counts of possession of counterfeit checks; the Government was required to file a forfeiture action within 90 days after a claim was filed for the return of the seized property; and the Government did not present any evidence showing that the watch was purchased with proceeds derived from a federal crime. Because this forfeiture proceeding commenced on August 22, 2000, prior to the August 23, 2000, effective date of the Civil Asset Forfeiture Reform Act (CAFRA), CAFRA is inapplicable to this case. See Pub. L. No. 106-185 § 21, 114 Stat. 202. Essien did not file a verified claim as required by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Therefore, the district court did not err in entering a default judgment in favor of the Government. See 18 U.S.C. § 981(b)(2); United States v. One 1988 Dodge Pickup, 959 F.2d 37, 42 n.6 (5th Cir. 1992); United States v. $38,570 United States Currency, 950 F.2d 1108, 1113 (5th Cir. 1992).

AFFIRMED.