IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 17, 2007

Charles R. Fulbruge III
Clerk

No. 05-40678
Summary Calendar

LOUIS ALONZO OLIVAREZ

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:04-CV-67

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Louis Alonzo Olivarez, Texas prisoner # 1148316, seeks a certificate of appealability (COA) from the district court's dismissal without prejudice for want of prosecution of his 28 U.S.C. § 2254 petition. Olivarez is serving 35-year sentences on convictions for aggravated assault and burglary of a habitation.

After Olivarez had filed a notice of appeal from the district court's dismissal of his § 2254 petition, Olivarez filed a motion pursuant to FED. R. CIV.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

P. 60(b). The district court granted this motion and reinstated Olivarez's § 2254 petition.

The district court was without jurisdiction to grant Olivarez post judgment relief because Olivarez's notice of appeal divested the district court of such jurisdiction. See Shepherd v. Int'l Paper Co., 372 F.3d 326, 329 (5th Cir. 2004); Winchester v. United States Atty. for S.D. of Tex., 68 F.3d 947, 950 (5th Cir.1995). Olivarez has thus demonstrated that reasonable jurists would debate the correctness of the district court's procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Olivarez's district court pleadings and his COA motion demonstrate facially that reasonable jurists could debate whether Olivarez has made a substantial showing of the denial of a constitutional right. See Houser v. Dretke, 395 F.3d 560, 561-62 (5th Cir. 2004). Accordingly, a COA is GRANTED.

The district court's grant of post judgment relief is construed as a request for leave from this court for a remand and to grant such relief. See Shepherd, 372 F.3d at 329. Accordingly, the request is GRANTED; the case is REMANDED to the district court for re-entry of the judgment reinstating Olivarez's § 2254 petition, and for further proceedings as are necessary. See Willie v. Continental Oil Co., 746 F.2d 1041, 1046 (5th Cir. 1984), rev'd on other grounds, 784 F.2d 706 (5th Cir. 1986).