# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10255
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2019

Lyle W. Cayce
Clerk

ERIC CRUZ,

       Plaintiff – Appellant,

v.

OFFICER DOMINGO CERVANTEZ,

       Defendant – Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:16-CV-4

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

The July 24, 2019 opinion filed in this case is WITHDRAWN, and the following is substituted in its place.

Eric Cruz, proceeding *pro se* and *in forma pauperis*, sued the Lubbock County Detention Center and Domingo Cervantez, a correctional officer at the

---

* Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

facility, under 42 U.S.C. § 1983, alleging deliberate indifference to Cruz's need for protection from a cellmate.

Cruz and his cellmate fought in their cell at two different times on June 13, 2015. Cruz suffered only minor injuries after the first fight. After the second fight, however, Cruz suffered more serious injuries. Cruz alleged that Cervantez did not intervene in either fight and ignored Cruz's request to be moved to a different cell. Cervantez moved for summary judgment, arguing: (1) that Cruz told Cervantez that the first fight was only a minor verbal argument and that the argument had been fully resolved; (2) that the second fight was a result of Cruz's failed attempt at exacting a revenge on his cellmate; and (3) that while Cruz and his cellmate were fighting for the second time, Cervantez could not see into their cell to see that they were fighting. The district court granted summary judgment in Cervantez's favor. Cruz appealed.[1]

We review a grant of summary judgment de novo. *K.P. v. LeBlanc*, 729 F.3d 427, 435 (5th Cir. 2013). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The facts are to be construed in Cruz's favor. *See K.P.,* 729 F.3d at 435. A prison official acts with deliberate indifference only if he subjectively "knows of and

---

[1] After the district court entered judgment and Cruz filed a notice to appeal, Cruz moved for leave to file a second amended complaint, seeking to name an additional defendant. A notice to appeal does not become effective until the entry of an order disposing of post-judgment motions. *Burt v. Ware*, 14 F.3d 256, 258 (5th Cir. 1994). In *Bodin v. Gulf Oil Corp.*, we construed a motion to amend a complaint as a post-judgment motion because the proposed amended complaint effectively questioned the correctness of the district court's judgment. 877 F.2d 438, 439–40 (5th Cir. 1989). Here, we do not construe Cruz's motion to file a second amended complaint as a post-judgment motion that renders his notice of appeal ineffective, because Cruz does not seek to question the correctness of the district court's summary judgment through the amended complaint. Cruz simply requests to add another defendant. This request remains pending before the district court.

disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Having reviewed the summary judgment evidence, including the video footage from the day in question, we hold that a genuine issue of material fact exists as to whether Cervantez acted with deliberate indifference to Cruz's need for protection from his cellmate. Cervantez submitted video footage of the prison pod in which Cruz was housed. At various points in the video, Cruz and his cellmate are seen fighting through the window of their cell door. Based on this footage, a reasonable jury could conclude that Cervantez—who is also seen in the video—could see into Cruz's cell and observe that Cruz and his cellmate were fighting, but nevertheless ignored the fight. *See Scott v. Harris*, 550 U.S. 372, 380–81 (2007) (concluding that courts should view the facts in the light depicted by the videotape in the record). In addition, Cruz presented evidence that he requested to be moved to another cell prior to the fight, indicating that he feared for his safety and communicated that fear to Cervantez. Taken together, this evidence creates a fact issue as to whether Cervantez knew that Cruz's cellmate posed an excessive risk of harm to Cruz and disregarded that risk. Because the district court erred in granting summary judgment in Cervantez's favor, we REVERSE and REMAND.

We DENY AS MOOT Cruz's motions to supplement the record on appeal, for reconsideration of the clerk's order denying his motion to file a reply brief out of time, and for appointment of counsel. Cruz may direct any renewed request for counsel to the district court on remand. In considering any renewed motion by Cruz, the district court should take into account Cruz's prior discovery requests and Cervantez's opposition to those requests. *See Moore v. Mabus*, 976 F.2d 268, 272 (5th Cir. 1992) (listing considerations for the district

No. 18-10255

court in deciding whether to appoint counsel); *see also Delaughter v. Woodall,* 909 F.3d 130, 141 (5th Cir. 2018).