# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 4, 2022

Lyle W. Cayce
Clerk

No. 20-40424
Summary Calendar

Roderick L. Bonner,

*Plaintiff—Appellant*,

*versus*

Pam Pace, *UTMB Medical Director*; UTMB; John Doe, *Warden, Coffield Unit*; William Brown, *Law Library Officer*; Gaye Karriker, *Law Librarian*; Lieutenant Jeffrey Catoe; Patrick Cooper, *Warden, Coffield Unit*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:18-CV-373

Before Jones, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Roderick L. Bonner, Texas prisoner # 1878165, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's partial

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40424

dismissal of his civil rights claims as frivolous and for failure to state a claim, grant of summary judgment in favor of Defendants-Appellees and dismissal of his remaining claims, and denial of postjudgment motions. By moving for leave to proceed IFP on appeal, Bonner challenges the district court's certification that the appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). If we uphold the district court's certification that Bonner's appeal was not taken in good faith, we may sua sponte dismiss the appeal as frivolous. *Id.* at 202 n.24 (citing 5TH CIR. R. 42.2).

As a preliminary matter, we are "obligated to examine the basis for our jurisdiction, *sua sponte*, if necessary." *Williams v. Chater*, 87 F.3d 702, 704 (5th Cir. 1996). A timely "notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Only the district court's June 9, 2020 denials of Bonner's March 26 and April 8, 2020 postjudgment motions, which are properly construed as Federal Rule of Civil Procedure 60 motions, are before us on appeal. *See, e.g.*, FED. R. APP. P. 4(a)(1)(A), (a)(4)(A), (B)(ii); *United States v. One 1988 Dodge Pickup*, 959 F.2d 37, 39 (5th Cir. 1992) (holding that Rule 4(a)(4) "does not embrace a second Rule 59 motion that merely challenges the denial of the original Rule 59 motion."). Thus, to the extent Bonner seeks to appeal the January 31, 2020 final judgment or March 19, 2020 denial of his Federal Rule of Civil Procedure 59(e) motions, the appeal is DISMISSED IN PART for lack of jurisdiction.

Here, the district court found the claims barred by the applicable statute of limitations, which Bonner contends was incorrect. The denial of a Rule 60(b) motion is reviewed only for abuse of discretion, *Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011), and "[i]t is not enough that the granting of relief might have been permissible, or even warranted[;] denial must have been so unwarranted as to constitute an abuse of discretion,"

No. 20-40424

*Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). Because no federal statute specifies a limitation period for § 1983 suits, federal law borrows the forum state's general personal injury limitation period. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007). In Texas, that period is two years. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). In addition to the limitations period, the forum state's tolling principles are applied. *Walker v. Epps*, 550 F.3d 407, 415 (5th Cir. 2008). Texas applies equitable tolling sparingly, looking to whether a plaintiff has diligently pursued his or her rights; litigants cannot use the doctrine "to avoid the consequences of their own negligence." *Hand v. Stevens Transp., Inc. Emp. Benefit Plan*, 83 S.W.3d 286, 293 (Tex. App. 2002).

Bonner does not dispute that his claim accrued on May 9, 2016, or that his federal complaint was not filed until July 23, 2018. While the limitations period was tolled during the pendency of the grievance process afforded to prisoners under Texas law, *see Clifford v. Gibbs*, 298 F.3d 328, 333 (5th Cir. 2002), this tolled the limitations period only between May 12, 2016, and July 18, 2016. Thus, even taking this period of tolling into account, his complaint was still untimely.

Instead, he contends that he is entitled to equitable tolling because one Defendant-Appellee fraudulently concealed her involvement in the removal of his medical box until 2018 and because the library staff deliberately prevented him from filing his lawsuit in time by withholding papers and refusing to file his suit. While Texas recognizes tolling based on fraudulent concealment, *Valdez v. Hollenbeck*, 465 S.W.3d 217, 229 (Tex. 2015), it tolls the limitations period only "until the claimant, using reasonable diligence, discovered or should have discovered the injury," *Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 307 (5th Cir. 2014) (internal quotation marks and citation omitted). Bonner was aware of this party's potential involvement as early as May 12, 2016, and nevertheless waited until July 2018 to file suit.

And as to the library staff, because Bonner failed to establish that he actively pursued his judicial remedies or that he otherwise acted diligently, the district court did not abuse its discretion by concluding that equitable tolling was not warranted. *See Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex. App. 2005); *Hernandez*, 630 F.3d at 428.

As Bonner has failed to identify a nonfrivolous issue for appeal, he has failed to demonstrate that the district court erred by certifying that an appeal would not be taken in good faith. The motion for leave to proceed IFP is DENIED, and his appeal is DISMISSED IN PART as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Finally, Bonner has two prior strikes under 28 U.S.C. § 1915(g). *See Bonner v. Roberts*, 54 F. App'x 410 (5th Cir. 2002) (No. 02-10296); *Bonner v. Tarrant Cnty. Sheriff's Dept.*, No. 4:08-CV-248-Y, 2009 WL 1532044, 3 (N.D. Tex. May 28, 2009). He is cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).