United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 18, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-11254
Summary Calendar

———————————

MICHAEL JONATHAN CARLSON,

Plaintiff-Appellant,

versus

KIM HOLTON, Parole Officer, Fort Worth Parole
Office, District III; SUE BUSSA, Director, GEO
Halfway House, Fort Worth, Texas; DIRECTOR TEXAS
DEPARTMENT OF CRIMINAL JUSTICE PAROLE DIVISION,
AUSTIN, TEXAS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CV-725
--------------------

Before HIGGINBOTHAM, BARKSDALE and GARZA, Circuit Judges.

PER CURIAM:*

Michael Jonathan Carlson, now Texas prisoner # 328076,
appeals the district court's dismissal of his 42 U.S.C. § 1983
complaint for failure to state a claim upon which relief could be
granted.  See 28 U.S.C. § 1915A.  Carlson's complaint argued that
the defendants violated his substantive due process rights while
he was on parole and living in a halfway house.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the district court's dismissal of Carlson's § 1983 complaint de novo. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998). Assuming, arguendo only, that the State had a duty to assume responsibility for Carlson's safety and well-being while he was living in the halfway house, see Jacobs v. Ramirez, 400 F.3d 105, 106 (2d Cir. 2005), Carlson must still show that the named defendants were deliberately indifferent to an excessive risk of harm to his health and safety. See DeShaney v. Washington, 489 U.S. 189, 199-200 (1989); Breen v. Texas A&M University, 485 F.3d 325, 332- 37 (5th Cir. 2007); McClendon v. City of Columbia, 305 F.3d 314, 324-26 & n.8 (5th Cir. 2002).

According to Carlson's complaint, he was in the halfway house from April 21, 2005, until May 12, 2005, or a total of three weeks before he absconded. During this short time, he claims that he lived with drug users which contravened a condition of his parole, that he did not receive counseling or electronic monitoring as required by his parole conditions, and that residents were not able to find meaningful employment. He claims he told Sue Bussa, the director of the halfway house, and Kim Holton, his parole officer, of these complaints and that his complaints were ignored. Carlson's allegations, taken as true, show only that, while he was living in the halfway house, he was unable to satisfy all of his parole conditions and was unsatisfied with his job opportunities, not that the defendants were deliberately indifferent to an excessive risk of harm to his

health and safety. We emphasize that Carlson did not allege that any of the drug users in the house harmed him or forced him to do drugs.

We affirm the lower court's dismissal of Carlson's complaint. Carlson is warned that the district court's dismissal of his complaint for failure to state a claim upon which relief could be granted is one strike for purposes of 28 U.S.C. § 1915(g) and that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996); § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.