# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-20913
Summary Calendar

MICHAEL JONATHAN CARLSON

Plaintiff-Appellant

v.

ROBERT QUADA; LONNIE JOHNSON; V. BARROW

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-3377

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Michael Jonathan Carlson, Texas prisoner # 328076, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint, alleging that he was deprived of access to the prison law library in denial of his right of access to courts and in retaliation, as frivolous and for failure to state a claim. He also appeals from the district court's denial of relief under Federal Rules of Civil Procedure 59(e) and 60(b). It is not entirely clear whether the district court dismissed Carlson's access-to-courts claim as frivolous or for failure to state a

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

claim. We affirm on the basis of failure to state a claim. We also affirm the district court's dismissal of Carlson's retaliation claim as frivolous.

A dismissal under 28 U.S.C. § 1915 for failure to state a claim is reviewed under the same de novo standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998). Prisoners have a constitutional right to access the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977); Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999). However, "Bounds did not create an abstract, freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351 (1996). Instead, "meaningful access to the courts is the touchstone." Id. (internal quotation marks and citation omitted). To prevail on a claim of denial of access to courts, a prisoner must show actual injury. Id. at 349-52; see also Christopher v. Harbury, 536 U.S. 403, 415 (2002).

Carlson's allegation that his state case was dismissed as a result of his inability to conduct research in the prison library does not set forth an actual injury for purposes of a denial-of-access-to-courts claim because the right of access to courts does not include the right to litigate all causes of action, but applies only to the opportunity to file non-frivolous challenges to convictions or conditions of confinement. See Lewis, 518 U.S. at 353 & n.3, 355. Carlson has not identified any specific prejudice to any pending or contemplated challenges to his conviction or conditions of confinement. Because Carlson has not identified any actual injury as a result of the denial of access to the law library, he has not stated a claim for which relief can be granted, and the district court did not err in dismissing his denial-of-access-to-courts claim. See Lewis, 518 U.S. at 351.

We review a § 1915 dismissal as frivolous for an abuse of discretion. Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997). The denial of Carlson's motion for reconsideration, construed as seeking relief under both Rule 59(e) and Rule 60(b), is reviewed for abuse of discretion. See Martinez v. Johnson, 104

F.3d 769, 771 (5th Cir. 1997); Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981). To the extent that Carlson argues that the defendants denied him access to the law library in retaliation for his litigious activities, conclusional assertions are insufficient to establish a constitutional violation. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). The district court did not abuse its discretion in dismissing this claim as frivolous.

The judgment of the district court is affirmed. The district court's dismissal of Carlson's complaint counts as a strike for purposes of 28 U.S.C. §1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Carlson has one prior strike. See Carlson v. Holton, 243 F. App'x 49, 50 (5th Cir. 2007). Carlson is cautioned that, if he accumulates three strikes pursuant to § 1915(g), he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.