United States Court of Appeals,

Fifth Circuit.

No. 95-21041.

Augustine MARTINEZ, Petitioner-Appellant,

v.

Gary L. JOHNSON, Director, Texas Dept. of Criminal Justice, Institutional Division, Respondent-Appellee.

Feb. 3, 1997.

Appeal from the United States District Court for the Southern District of Texas, Houston.

Before WISDOM, JONES and WIENER, Circuit Judges.

WISDOM, Circuit Judge:

Augustine Martinez was convicted in Texas state court of aggravated sexual assault upon his eight-year-old daughter. His conviction was affirmed on direct appeal and his request for state habeas corpus relief was denied without written order.

On April 20, 1995, Martinez, proceeding pro se, filed a copy of his state habeas petition as a petition for a writ under 28 U.S.C. § 2254. Martinez included in his petition a "Petition for Discovery to Produce the Entire Record", which he had apparently filed in state court. He also included excerpts from the state trial record pertinent to the issues he raised in the petition.

On May 26, 1995, the magistrate judge granted Martinez leave to proceed *in forma pauperis.* The magistrate judge also issued a show cause order under 28 U.S.C. § 2243 in which he noted that preliminary examination of the petition established that summary dismissal was not warranted. He also ordered the respondent, the Director of the Texas Department of Criminal Justice-Institutional Division, to file "an answer or other pleading" within 60 days after receiving the show cause order, and advised that under FRCP 12(c), "if matters outside the pleadings are relied upon, *the respondent's motion shall be treated as a motion for summary judgment and should be titled as such* ". (Emphasis in original.) In the same order, the magistrate judge ordered Martinez to "*file a response to any dispositive motion filed by the respondent, within 30 days* " and warned that failure to comply with that order would "*result in dismissal of this action for want of prosecution under Rule 41(b),*

*Fed.R.Civ.P.*" (Emphasis in original.)

The respondent filed a motion for summary judgment on July 31, 1995. Martinez did not file a responsive pleading. On September 25, 1995, the district court entered an order finding:

> Since petitioner has failed to respond to [the respondent]'s Motion for Summary Judgment, the court concludes that he lacks interest in prosecuting this matter. Accordingly, this action will be dismissed without prejudice for want of prosecution pursuant to [Fed.R.Civ.P.] 41(b) and pursuant to the court's inherent power to manage its own docket "to achieve the orderly and expeditious disposition of cases'. (Citation omitted.)

On October 6, 1995, Martinez moved the district court to reconsider its order and reinstate his action. Martinez asserted that he failed to respond to the motion for summary judgment because he "was waiting to be served with the record".

On November 1, 1995, the district court entered an order finding that it was apparent from Martinez's § 2254 petition that he "already had access to these documents as a result of his direct appeal and petition for writ of habeas corpus in state court" and that "Martinez does not explain why these documents were not available to him for use in his response to the motion for summary judgment". The district court found that Martinez's failure to respond was due to circumstances within his control and denied the motion to reconsider. On December 1, 1995 Martinez filed a notice of appeal. On the same day, the district court found that Martinez had not made a substantial showing of the denial of any federal right and denied Martinez a certificate of probable cause. On December 14, the district court entered an amended order denying all relief sought in Martinez' motion to reconsider.

This court granted a certificate of probable cause and ordered the respondent to brief: (1) "whether the district court dismissal of Martinez's 28 U.S.C. § 2254 petition for failure to prosecute pursuant to Fed.R.Civ.P. 41(b), without reviewing the record and without determining whether an evidentiary hearing was appropriate, was inconsistent with the Rules Governing Section 2254 Cases", and (2) "whether Martinez's "Petition for Discovery' was properly before the district court and whether the district court abused its discretion by failing to order discovery".[1]

---

[1]This case was on appeal before Congress passed the Antiterrorism and Effective Death Penalty Act of 1996.

*Standard of Review*

The standard of review for a Fed.R.Civ.P. 41(b) dismissal is whether the district court abused its discretion.[2] The denial of a Fed.R.Civ.P. 59(e) motion to alter or amend is reviewed for an abuse of discretion.[3] A notice of appeal from the denial of a timely Fed.R.Civ.P. 59(e) motion brings up the underlying judgment for review.[4]

*Fed.R.Civ.P. 41(b).*

Martinez's petition is governed by the Rules Governing Section 2254 Cases (the "habeas rules").[5] These rules, specifically adopted by the Supreme Court to govern habeas petitions filed by prisoners in state custody, require petitions to be filed in a specific form[6], compel the respondent to file some kind of answer[7], and empower the court to dismiss a petition either after the petition alone is filed[8], or after the petition, answer, transcript, and record are filed, even without an evidentiary hearing.[9] Nowhere, however, do the habeas rules require that a petitioner react to any responsive pleadings filed by the respondent. Thus, the magistrate judge's show cause order represents an innovation in habeas procedure.

Martinez argues that this innovation is inconsistent with the habeas rules and, therefore, was an abuse of discretion. The respondent argues that the district court has inherent authority to control its docket and may dismiss an action whenever necessary to "achieve the orderly and expeditious disposition of cases". The respondent points out that Martinez was on notice that he was required

---

[2]*McCullough v. Lynaugh,* 835 F.2d 1126, 1127 (5th Cir.1988).

[3]*Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990); *Batterton v. Texas General Land Office,* 783 F.2d 1220, 1225 (5th Cir.), *cert. denied,* 479 U.S. 914, 107 S.Ct. 316, 93 L.Ed.2d 289 (1986).

[4]*United States v. One 1988 Dodge Pickup,* 959 F.2d 37, 41 n. 5 (5th Cir.1992).

[5]*See* Rules Governing Section 2254 Cases, Rule 1.

[6]*See* Rules Governing Section 2254 Cases, Rule 2.

[7]*See id.,* Rule 5.

[8]*See id.,* Rule 4.

[9]*See id.,* Rule 8.

to respond to any dispositive motion within 30 days and that the dismissal was without prejudice, leaving Martinez free to re-file his habeas petition.

Under the Federal Rules of Civil Procedure, a district court may, upon a defendant's motion, dismiss an action for failure to prosecute or to comply with any court order.[10] The district court also has the inherent authority to dismiss an action *sua sponte,* without motion by a defendant.[11] "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts."[12]

Federal habeas corpus proceedings initiated by a state prisoner are governed by the habeas rules. Rule 11 of the habeas rules provides that "[t]he Federal Rules of Civil Procedure, *to the extent that they are not inconsistent with these rules,* may be applied, when appropriate, to petitions filed under these rules".[13] Thus, our role is to determine whether the district court's application of Fed.R.Civ.P. 41(b) is consistent with the habeas rules.

In *Harris v. Nelson,*[14] the precursor t o Rule 11 of the habeas rules, the Supreme Court addressed the issue whether Fed.R.Civ.P. 33, relating to interrogatories to parties, applies in habeas proceedings. Although the Court found that this instrument of discovery was not intended to extend to habeas proceedings, the Court noted that, where Congress is largely silent, "the courts may fashion appropriate modes of procedure, by analogy to existing rules or otherwise in conformity with judicial usage".[15] Thus, where there are procedural gaps in the habeas rules, the district courts have broad discretion to apply the Federal Rules of Civil Procedure.

---

[10]Fed.R.Civ.P. 41(b) provides that: "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, *a defendant may move* for dismissal of an action or of any claim against the defendant". (Emphasis added.)

[11]*Link v. Wabash R.R.Co.,* 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962); *McCullough v. Lynaugh,* 835 F.2d 1126, 1127 (5th Cir.1988).

[12]*Link v. Wabash Railroad,* 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

[13]Rules Governing Section 2254 Cases, Rule 11 (emphasis added).

[14]394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969).

[15]394 U.S. at 299, 89 S.Ct. at 1090.

In the instant case, the magistrate judge had determined that summary dismissal of the petition was not warranted and issued a show cause order. The district court had before it both the petition and the respondent's answer. At this point, the district court dismissed the petition without prejudice pursuant to Fed.R.Civ.P. 41(b) and its "inherent power to manage its own docket" Although we are skeptical that the district court's managing his docket in this manner will "achieve orderly and expeditious disposition of cases", we cannot say that the district court's application of Fed.R.Civ.P. 41(b) conflicts with the habeas rules. Accordingly, there was no abuse of discretion.

*Petition for Discovery*

The respondent was also ordered to brief whether the district court erred in failing to allow Martinez to discover the portions of the record requested in his petition. The respondent argues that "the state had already given Martinez a free copy of this transcript for purposes of his direct appeal", and that Martinez failed to show that his appellate records were not available from other sources. The respondent argues t hat Martinez was not entitled to a copy of his state appellate records to "conduct a fishing expedition". The respondent further argues that Martinez's "petition for discovery" demonstrates that he had access to portions of the transcribed testimony and "was reasonable able to articulate his grounds for relief".

Martinez argues that he was challenging the sufficiency of the evidence to support his conviction and that "it is impossible for Appellant to allude to the inconsistencies of the record without the trial records".

Rule 6(a) of the Rules Governing Section 2254 Cases allows for all forms of discovery that are available under the Federal Rules of Civil Procedure provided that the district court grants leave for discovery "for good cause shown".[16] The district court found, based on Martinez's petition, that he had copies or portions of copies of his state court record and did not explain why he no longer had access to them. Thus, the district court found that Martinez had not shown good cause for his discovery request. We cannot say this was an abuse of discretion.[17]

---

[16]Rules Governing Section 2254 Cases, Rule 6(a).

[17]*See McCowin v. Scott,* 67 F.3d 100, 102 (5th Cir.1995).

Accordingly, the district court is AFFIRMED.