**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

No.  97-31308

DEWEY JONES,

Plaintiff-Appellant,

VERSUS

CENTRAL BANK,

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana
December 7, 1998

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

JOHN M. DUHÉ JR., Circuit Judge:

Dewey Jones appeals the district court's award of attorney's fees and costs to Central Bank, claiming that the motion was untimely.  Jones also appeals the district court's denial of his motion to reconsider the award.  Because Central Bank's motion was timely, we affirm.

I.  BACKGROUND

Dewey Jones sued Central Bank and Jo Ann Pickering for Employee Retirement Income Security Act and federal securities law violations.  The defendants' answer claimed that they were entitled to attorneys' fees under 29 U.S.C. § 1132(g)(1).  The district

court granted Central Bank and Pickering partial summary judgment, dismissing all claims against Pickering and some claims against Central Bank. After a bench trial on the remaining claims, the court ruled in Central Bank's favor. The court signed a judgment dismissing Jones' claims with prejudice on July 16, 1997 (entered July 17, 1997). On August 1, 1997, 15 days after the entry of judgment, Central Bank moved for costs and attorneys' fees under § 502(g)(1). Jones opposed the motion as untimely under Federal Rule of Civil Procedure 54(d)(2)(B). The trial court granted the motion. Jones moved for reconsideration of the judgment under Federal Rule of Civil Procedure 59(e), claiming that the court had failed to address the timeliness issue. The judge denied Jones' motion to reconsider, and granted Central Bank an extension of time in which to move for attorney's fees. Jones appeals the grant of Central Bank's motion for costs and fees, and the denial of his motion to reconsider.

II. Standard of Review

We review the court's decision to grant attorneys' fees under § 502(g)(1) for abuse of discretion. See Wegner v. Standard Ins. Co., 129 F.3d 814, 820-21 (5th Cir. 1997). We also review denial of Rule 59(e) motions for abuse of discretion. See Martinez v. Johnson, 104 F.3d 769, 771 (5th Cir. 1997).

Central Bank moved for attorneys' fees 15 days after entry of judgment. Under revised Rule 54 (d)(2)(B), "*[u]nless otherwise provided by statute or order of the court*, the motion [for

2

attorneys' fees] must be filed and served no later than 14 days after entry of judgment . . . ." Fed. R. Civ. P. 54(d)(2)(B) (emphasis added). Local Rule 54.3 requires a party to move for fees "[w]ithin 30 days after receiving notice of entry of judgment . . . ." Unif. Local R. U.S. Dist. Cts. E., M., W. Dists. La 54.3. A local rule must be adopted by a majority of the district judges and followed by all, see 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil § 3153 (2d ed. 1997), in effect serving as a standing order within the district, see Johnson v. Lafayette Fire Fighters Ass'n Local 472, Int'l Ass'n of Fire Fighters, AFL-CIO-CLC, 51 F.3d 726, 729 (7th Cir. 1995). Therefore, the local rule is a court order satisfying the "unless" clause of Federal Rule 54(d)(2)(B). See id. Further, in a pre-revision case, the Supreme Court explicitly noted that jurisdictions may have "valid local reasons for establishing different time limits [for filing for attorneys' fees]," and acknowledged district courts' ability to establish timeliness standards by local rule. White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 454 n.16, 454 (1982). Neither the rule's language nor the Advisory Committee Notes require uniform time limits or strip district courts of their ability to set these limits by local rule. Since the motion was timely under the local rule, and therefore under the "unless" clause of the Federal Rule, the district court did not abuse its discretion in granting Central

Bank's motion for attorneys' fees.[1]

The district court did not abuse its discretion in denying Jones' motion for reconsideration of the attorneys' fees award based on the untimeliness of Central Bank's motion, because Central Bank's motion was indeed timely.

**AFFIRMED.**

ENDRECORD

---

[1]Even if Local Rule 54.3 is not considered a court order for purposes of Federal Rule 54(d)(2)(B), the district court has broad discretion to expand filing deadlines under Fed. R. Civ. P. 6(b). See Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 367 (1995). Jones had notice that Central Bank might seek attorneys' fees and costs since Central Bank asserted in its answer to Jones' complaint its entitlement thereto. Accepting Central Bank's motion one day late would not constitute abuse of discretion. See id. at 360-67 (holding that the district court did not abuse its discretion by accepting a summary judgment motion filed one day late).

JERRY E. SMITH, Circuit Judge, dissenting:

I respectfully dissent from the majority's conclusion that Central Bank's motion for costs and attorneys' fees was timely under FED. R. CIV. P. 54(d)(2), which reads: "Unless otherwise provided by statute or order of the court, the motion [for fees and costs] must be filed and served no later than 14 days after entry of judgment . . . ." The district court's local rule 54.3, on the other hand, allows 30 days for filing such a motion. *See* E.D. LA. R. 54.3. The question, which the majority accurately identifies, is whether the enactment of a local rule, by order of the judges of the district court, satisfies rule 54(d)(2)'s requirement that an extension beyond 14 days be "by order of the court."

If unburdened by caselaw or other indications of what is intended by the rule, I would read the words "order of the court" to mean a specific order of a district judge in a given case, extending the time for filing a fee motion *in that case*. That initial impression is reinforced considerably by a survey of the Federal Rules of Civil Procedure, in which there are several instances in which the writers have used "rules" and "orders" to mean distinctly different things.

For example, FED. R. CIV. P. 6(a) gives directions for "computing any period of time prescribed or allowed by these rules, *by the local rules of any district court, by order of court*, or by any applicable statute . . . ." This is an undeniable indication that "order of court" is not synonymous with "local rules of any

district court"; otherwise, rule 6 would contain a redundancy.

Likewise, FED. R. CIV. P. 26(a)(1) requires certain initial disclosures "[e]xcept to the extent otherwise stipulated or directed *by order or local rule . . . .*" (Emphasis added.) Rule 30(d)(2), FED. R. CIV. P., is to the same effect, stating that "*[b]y order or local rule*, the court may limit the time permitted for the conduct of a deposition." (Emphasis added.) Rule 73(a), FED. R. CIV. P., provides that magistrate judges may preside over civil cases "[w]hen designated . . . *by local rule or order of the district court . . . .*" (Emphasis added.) Rule 77(c), FED. R. CIV. P., says "[a] district court may provide *by local rule or order* that its clerk's office shall be open" at certain times. (Emphasis added.)[2]

All of these excerpts from the Federal Rules of Civil Procedure indicate, with precision, that court orders are not the same thing as local rules. It can be no accident that this distinction appears repeatedly in the rules.

---

[2] The same distinction is suggested by the fact that FED. R. CIV. P. 54(d)(2)(D) permits courts to establish procedures for resolving attorneys' fees issues "[b]y local rule," whereas FED. R. CIV. P. 54(d)(2)(B)§§the subrule at issue here§§refers only to exceptions "by statute or order of the court." I doubt the contrasting language *within the same rule 54* is accidental.

Finally, FED. R. CIV. P. 83 advisory committee's note draws the same distinction. It explains that "[t]he last sentence of Rule 83 has been amended to make certain that *standing orders* are not inconsistent with . . . any *local district court rules*." (Emphasis added.)

6

The majority aptly cites the only circuit authority on this question, *Johnson v. Lafayette Fire Fighters Ass'n*, 51 F.3d 726, 728-30 (7th Cir. 1995). *Johnson* is not binding on this court, and I would hold that it is error. Despite its informative elucidation of the development of federal and local rules, *Johnson* does not address any of the problems with its approach that I have mentioned.

*Johnson* properly has been criticized by a leading treatise:

> The adoption of Rule 54(d)(2) was intended to provide a uniform time for fee motions and to ensure that the fee opponent has notice of the motion in time to affect the decision to appeal . . . . If local rules are allowed to displace rule 54(d)(2), these purposes of the national rule will be defeated. In allowing the provisions of Rule 54(d)(2) to be displaced by an "order of the court," the drafters were merely recognizing that, in some cases, an order extending the time period would be more fair to the litigants. Moreover, in simultaneous amendments, the drafters expressly provided that the disclosure requirements of Rule 26 could be altered by "order or local rule," thus demonstrating that they knew and understood the distinction between an order and a rule.

10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 54.151[2][b], at 54-219 (3d ed. 1997). I agree with these sentiments and, accordingly, would reverse.[3]

_____

[3] As an alternative justification for its holding, the majority relies on *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995). *Hetzel* has nothing to do with rule 54(d)(2)(B), and, more importantly, it does not address the fact that rule 6(b)(2) requires that, once a deadline has expired (as occurred in the instant case), leave to file late can be granted only "upon motion made." The Supreme Court said so explicitly in construing rule 6(b) in *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 896 (1990): "[A]ny *post*deadline extension must be

(continued...)

---

(...continued)

'upon motion made,' and is permissible only where the failure to meet the deadline 'was the result of excusable neglect.'" In other words, there is no discretion to grant a post-deadline extension absent a motion and showing of excusable neglect.

*Hetzel* is distinguishable on the ground that that court had already granted an order that had the effect of extending the time for filing. There is a real difference between a case in which the court's authority to extend a deadline has already been invoked and a case in which it has not. In *Hetzel*, the court's allowance of the late filing can be read as a *sua sponte* modification of the original order allowing an extension or, alternatively, as an exercise of authority under the rubric of the original order.

In *Jones*, on the other hand, the court's authority had not been invoked, and the court never undertook a legitimate exercise of that authority. In other words, the *Jones* courtSSalbeit with the best of intentionsSSwas not following up on the pre-existing exercise of its equitable authority to extend a filing deadline, but rather was excusing a late filing in a wholly unauthorized way. I also note that in *Hetzel*, the panel placed considerable reliance on the fact that the extension was for only one day.