**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40352
c/w Nos. 05-40353 and 05-40614
USDC No. 9:03-CV-268

THOMAS H. CLAY,

                                      Plaintiff-Appellant,

versus

UNIVERSITY OF TEXAS MEDICAL BRANCH at John Sealy;
UNIVERSITY OF TEXAS MEDICAL BRANCH CORRECTIONAL
HEALTHCARE MANAGEMENT; JOHN SEALY EMPLOYEES; JANE
DOE, #; JOHN DOE, #; Physician Assistant,

                                      Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Eastern District of Texas
--------------------


------------------------------------------------------------------

No. 05-40664
USDC No. 9:04-CV-272

THOMAS H. CLAY,

                                      Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE – CID;
UNIVERSITY OF TEXAS MEDICAL BRANCH - CMC; MARK
HANLEY, Lieutenant; UNIDENTIFIED THOMPSON,
Lieutenant; UNIDENTIFIED HARPER, Lieutenant;
UNIDENTIFIED HOLMAN, Lieutenant; UNIDENTIFIED BLACK,
Sergeant; MRS. UNIDENTIFIED BUSSY, CMC UTMB

Employee; UNIDENTIFIED PARDON, Captain; UNIDENTIFIED
PRATT, Assistant Warden; BETTY WILLIAMS, CMC UTMB
Employee; MUNICIPAL DEFENDANTS,

                                    Defendants-Appellees.


                    ---------------------
        Appeal from the United States District Court
             for the Eastern District of Texas
                    ---------------------


    ----------------------------------------------------------------


                         _____

                          No. 05-40812
                        USDC No. 9:05-CV-51
                         _____


THOMAS H. CLAY,

                                    Petitioner-Appellant,

versus


UNIDENTIFIED SPITZ, Segregation Officer;
UNIDENTIFIED RUSSEL, Segregation Officer,

                                    Respondents-Appellees.

                    ---------------------
        Appeal from the United States District Court
             for the Eastern District of Texas
                    ---------------------

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

     In each of the captioned appeals, Thomas Clay, a Texas

inmate (# 1123123), appeals the district court's dismissal of his

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

civil rights actions, without prejudice, for failure to prosecute, based on Clay's purported refusal to attend a hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), scheduled simultaneously for each of the three actions. Because the appeals involve essentially the same set of facts and legal issues, they are consolidated sua sponte. FED. R. APP. P. 3(b)(2).

In November 2004, the district court had scheduled a Spears hearing for December 21, 2004. On December 2, 2004, Clay had filed a motion that he be provided with a wheelchair during transfer for the hearing. His lawsuit in No. 9:03-CV-268 alleged that he had suffered a back injury that prevented him from walking, and he sought to avoid "reinjury" or "further injury." On December 21, 2004, the magistrate judge denied the motion to supply Clay with a wheelchair, stating that "there is no competent medical evidence that a wheelchair is medically necessary." On the same day, she cancelled the December 21 hearing "until further notice."

In each of the three cases, on three separate dates in January and March 2005, the magistrate judge scheduled a Spears hearing for 10 a.m. on March 22, 2005. In each of the three cases, Clay filed a motion for cancellation or postponement of the hearing for 180 days, explaining that he needed to obtain a medical evaluation outside of the Texas prison system so that he could comply with the magistrate judge's apparent requirement that he provide "competent medical evidence" to support his

request for a wheelchair.  On March 18, 2005, the magistrate judge held a conference call, taking testimony from the warden at Clay's prison.  Clay was not on this conference call.  The warden reportedly testified that Clay had told him that he "did not want to go to court on . . . March 22, 2005," and that the "only way to get Inmate Clay to hearings would be a passive use of force."

On March 21, 2005, in all three cases, the magistrate judge issued nearly identical reports recommending that Clay's civil rights actions be dismissed, without prejudice, for failure to prosecute or to comply with a court order, on the ground that Clay had "refus[ed]" to attend the hearing scheduled for March 22, 2005.  In objections, Clay asserted under penalty of perjury that the warden had not talked to him about the hearing and that he, Clay, had not "refuse[d]" to attend the hearing.  The district court issued orders adopting the magistrate judge's recommendation and dismissing Clay's complaints, without prejudice.  The district court noted that Clay did not deny that he had declined transportation.

"For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action. . . ."  FED. R. CIV. P. 41(b).  Such a dismissal may be undertaken sua sponte.  Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997).  This court reviews for abuse of discretion a dismissal for want of prosecution or failure to obey a court order.  Larson v. Scott, 157 F.3d 1030, 1032 (5th Cir. 1998).

We conclude that the district court abused its discretion in dismissing Clay's complaints for failure to comply with a court order. At a minimum, there is a conflict in the record as to whether Clay failed to comply with a court order. Although Clay moved to cancel or postpone the March 22, 2005, hearing, nowhere in his motions did he articulate an intent to refuse to attend the hearing. Clay's warden testified under oath that Clay had told him that he "did not want to go to court on . . . March 22, 2005," but Clay declared, under penalty of perjury, that he did not refuse to attend the hearing and that the warden had never spoken to him about the matter. There is no explicit evidence in the record that, as the magistrate judge determined, Clay "refus[ed]" to attend the hearing or otherwise failed to comply with the order scheduling the hearing. Accordingly, we vacate and remand for further proceedings.

Clay has filed a separate appellate brief contesting the district court's denial of his motions, in Nos. 9:03-CV-268 and 9:04-CV-272, for a temporary restraining order ("TRO") or preliminary injunction. We lack jurisdiction over the denial of an application for a TRO. Faulder v. Johnson, 178 F.3d 741, 742 (5th Cir. 1999). We will reverse the denial of a preliminary injunction "only under extraordinary circumstances," and such a denial is reviewed for abuse of discretion. White v. Carlucci, 862 F.2d 1209, 1211 (5th Cir. 1989). Because Clay failed to make the necessary showings for a preliminary injunction, and has not demonstrated that the district court abused its discretion, we

affirm the denial of Clay's application for a preliminary injunction. Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991) (discussing the four elements necessary for the issuance of a preliminary injunction).

Clay also contends that the district court erred in denying his motions, in Nos. 9:03-CV-268 and 9:04-CV-272, for civil contempt, in which he argued that the defendants had violated court orders that he be transported to the federal courthouse for an earlier-scheduled Spears hearing. Because Clay failed to establish by "clear and convincing" evidence that the defendants were aware of and violated a "definite and specific" court order, we conclude that the district court did not abuse its discretion in refusing to hold the defendants in civil contempt. Shafer v. Army & Air Force Exchange Serv., 376 F.3d 386, 396 (5th Cir. 2004) (citation omitted), op. clarified, Nos. 03-10074, 03-10220 (5th Cir. Sept. 17, 2004), 2004 WL 2107672.

As our review of the entire context of the judicial proceedings in this case reveals no disqualifying judicial bias, we conclude that there was no abuse of discretion in the district court's denial of Clay's recusal motion. Andrade v. Chojnacki, 338 F.3d 448, 454-55 (5th Cir. 2003).

Clay's "Motion for Correction and Filing of Interlocutory Brief" in No. 05-40352 is denied.

VACATED AND REMANDED IN PART; AFFIRMED IN PART; MOTION DENIED.