# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 30, 2010

No. 08-41182
Summary Calendar

Lyle W. Cayce
Clerk

EMERICO GARCIA; GLORIA GARCIA

Plaintiffs-Appellants

v.

A CONTRERAS, Officer (#172); MENDOZA, Detective; LONGORIA, Officer; GARCIA, Officer (#077); RUIZ, Officer (#710); GARCIA, Officer (#708); KIRKPATRICK, Officer (#712); MCGEE, Officer (#711); GONZALEZ, Officer (#071); CANTU, Officer; CISNEROS, Officer; KLEBERG COUNTY SHERIFF DEPARTMENT; THE CITY OF KINGSVILLE; KLEBERG COUNTY

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CV-359

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Emerico and Gloria Garcia appeal the dismissal of their  42 U.S.C. § 1983 complaint.  Liberally construing their brief, the Garcias contend that the district court erred in granting summary judgment because they:  had mailed a motion for an extension of time

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to respond to the summary judgment motion; and, were entitled to the services of an interpreter. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (*pro se* briefs should be liberally construed).

In district court, the Garcias contended defendants entered their home without consent or a warrant, assaulted them, and shocked them with a Tazer gun. The district court dismissed defendants associated with Kleberg County based on the Garcias' failure to effectuate timely service of process. For the remaining defendants, the district court granted summary judgment, ruling: none of the individual defendants violated the Garcias' constitutional rights; and, the Garcias failed to allege a City of Kingsville policy that resulted in a violation of their rights. (On appeal, the Garcias do not challenge the rationale behind the district court's ruling on summary judgment. They also have failed to brief any challenge to the district court's dismissal of some defendants for failure to serve. Because the Garcias do not raise such challenges on appeal, these issues are deemed abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).)

The Garcias' motion for additional time to respond to the summary-judgment motion was not filed until the day final judgment was entered. Therefore, the district court considered the motion a postjudgment motion for reconsideration and denied it. Because the Garcias' motion failed to "'specifically explain . . . how a continuance would enable'" them to present evidence of a genuine issue of material fact, they were not entitled to a continuance. *See Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 719 (5th Cir. 1999) (quoting *Liquid Drill, Inc. v. U.S. Turnkey Exploration, Inc.*, 48 F.3d 927, 930 (5th Cir.1995)). Likewise, the district court did not abuse its discretion in denying the postjudgment motion. *See Martinez v. Johnson*, 104 F.3d 769, 771 (5th Cir. 1997).

No. 08-41182

The Garcias also appear to contend that they were entitled to the services of an interpreter. The record belies any assertion that the Garcias did not understand English or that a lack of understanding of the English language precluded them from participating in the legal proceedings. To the extent they contend their ignorance of the law and court procedures entitled them to the assistance of counsel, they have failed to show that exceptional circumstances warranted such an appointment in a civil proceeding. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

AFFIRMED.