**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2011

Lyle W. Cayce
Clerk

No. 10-10854
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WAYLAND THOMAS WILSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:92-CR-238-2

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Wayland Thomas Wilson, federal prisoner # 23027-077, moves for leave to proceed in forma pauperis (IFP) in this appeal from the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based upon Amendment 505 to the Sentencing Guidelines and from the subsequent denial of his timely motions for reconsideration. Wilson is serving a 37-year sentence for one count of conspiracy to distribute certain controlled substances, three counts of using a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

communications facility to commit a felony under Title 21, and one count of money laundering.

When a district court certifies that an appeal is not taken in good faith, a prisoner may either pay the filing fee or challenge the district court's certification decision by moving for IFP in this court. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into the prisoner's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

A district court's decision whether to reduce a sentence under § 3582(c)(2) and its decision to deny a motion for reconsideration are reviewed for abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009); *cf. Martinez v. Johnson*, 104 F.3d 769, 771 (5th Cir. 1997) (FED. R. CIV. P. 59(e) motion); *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994) (FED. R. CIV. P. 60(b)(6) motion).

Wilson argues that the district court failed to recognize that the addendum to the presentence report (PSR) stated that the statutory maximum term of imprisonment for his conspiracy count was five years and that a sentencing guidelines range of life imprisonment was therefore inapplicable. He asserts that his base offense level should have been 23 "for a Class-D felony" and that the district court should have imposed a 20 year sentence, the statutory maximum sentence for the money laundering count, with all other sentences running concurrently. He also argues that the district court failed to consider the 18 U.S.C. § 3553(a) factors when ruling on his § 3582(c)(2) motion.

Wilson's § 3582(c)(2) motion to reduce his sentence was based upon Amendment 505 to the Guidelines, a retroactive amendment which lowered from 42 to 38 the maximum base offense level for drug offenses under U.S.S.G. § 2D1.1. As determined by the district court, even if Wilson's base offense level is lowered to 38, his total offense level and criminal history category correspond

to a recommended guidelines range of life imprisonment. Moreover, pursuant to U.S.S.G. § 5G1.2(d), the statutory maximum sentences for each of his counts of conviction would run consecutively for a total term of imprisonment of 37 years.

Eligibility for a § 3582 reduction "is triggered only by an amendment . . . that lowers the applicable guideline range." U.S.S.G. § 1B1.10, comment. (n.1(A)); *see United States v. Carter*, 595 F.3d 575, 581 (5th Cir. 2010); *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). As the applicable guidelines range was not lowered in Wilson's case, the district court did not abuse its discretion in denying his § 3582(c)(2) motion or in denying his motions for reconsideration. *See Gonzalez-Balderas,* 105 F.3d at 983. To the extent that Wilson attempts to otherwise challenge the sentencing court's calculation of the applicable Guidelines, those claims are not cognizable in a § 3582(c)(2) motion. *See Evans*, 587 F.3d at 674.

Because the appeal lacks any arguable legal merit, Wilson's IFP motion is DENIED, and his appeal is DISMISSED as frivolous. *See Howard v. King*, 707 F.2d at 220; 5TH CIR. R. 42.2.