# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 19, 2012

Lyle W. Cayce
Clerk

No. 12-40376
Summary Calendar

ROGER MERRITT THIELEMAN,

Plaintiff-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; MEMBER JONI WHITE, Director of Classification,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:11-CV-439

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Roger Merritt Thieleman, Texas prisoner # 1153979, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil suit for failure to state a claim upon which relief could be granted. In his complaint. Thieleman alleged that officials violated his constitutional rights by failing to protect his safety by housing him on a prison unit with known gang members who had placed him on a "hit list."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Thieleman asserts that the district court erred in dismissing his complaint for failure to state a claim without first holding an evidentiary hearing and in denying his motion for appointment of counsel.  He also argues that the district court erred in denying his motions to amend his complaint and for reconsideration of the judgment of dismissal.

We generally review the dismissal of a complaint for failure to state a claim de novo.  *See Lopez v. City of Houston,* 617 F.3d 336, 339 (5th Cir. 2010).  However, Thieleman does not dispute the grounds upon which the district court dismissed his complaint or address the district court's specific reasons for dismissing his complaint.  When an appellant fails to identify error in the district court's analysis, it is the same as if the appellant had not appealed the judgment.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The appeal of a denial of a motion for reconsideration is reviewed for an abuse of discretion.  *See Martinez v. Johnson*, 104 F.3d 769, 771 (5th Cir. 1997) (reviewing denial of Federal Rule of Civil Procedure 59(e) motion in 28 U.S.C. § 2254 case for abuse of discretion); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981) (noting that, generally, the decision to grant or deny relief under Federal Rule of Civil Procedure 60(b) is within the sound discretion of the district court).  "It is not enough that the granting of relief might have been permissible, or even warranted[;] denial must have been so unwarranted as to constitute an abuse of discretion." *Seven Elves, Inc.*, 635 F.2d at 402.  Thieleman did not specifically invoke either Rule 59(e) or Rule 60(b) in his motion for reconsideration.  He simply reiterated the same facts contained in his § 1983 complaint.  His conclusional assertions that the district court should have granted his motion even though he did not provide an adequate reason to do so are insufficient to demonstrate that the district court abused its discretion in denying relief.  *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (stating

that conclusional allegations fail to establish a valid claim); *Seven Elves, Inc.*, 635 F.2d at 402.

To the extent that Thieleman argues that the district court should have allowed him to amend his complaint, the argument is also without merit. Thieleman did not request to amend his complaint until after the district court had already issued its judgment, making his motion untimely, unduly prejudicial to the respondent, and futile. *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 391 (5th Cir. 2005); FED. R. CIV P. 15. Equally unavailing is Thieleman's assertion that an evidentiary hearing was necessary before the district court entered a final judgment. We review the denial of an evidentiary hearing for an abuse of discretion. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (28 U.S.C. § 2255 case). Because Thieleman failed to state a claim on which relief could be granted, the district court did not abuse its discretion by refusing to hold an evidentiary hearing. *See Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989) (§ 2254 case).

We review a district court's denial of a motion for appointment of counsel under the abuse of discretion standard. *Cupit v. Jones,* 835 F.2d 82, 86 (5th Cir. 1987). A district court may appoint counsel in a § 1983 case if exceptional circumstances exist. *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)). The existence of exceptional circumstances depends upon the type and complexity of the case and the abilities of the person litigating the case. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The denial of Thieleman's appointment of counsel motion was not an abuse of discretion. His constitutional issues are not particularly complex, and he has proven himself capable of competently proceeding without the assistance of counsel.

AFFIRMED.