# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11042
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JACK ZIMMERMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-964

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jack Zimmerman, federal prisoner # 39657-177, pleaded guilty to enticement of a minor and production of child pornography and was sentenced to 360 months in prison. The district court denied his 28 U.S.C. § 2255 motion, and a judge of this court denied his COA motion. Zimmerman then filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). The district court construed his motion as an unauthorized successive § 2255

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion and transferred it to this court.  We denied Zimmerman's motion for authorization to file a successive § 2255 motion in Case No. 15-10268.

After the district court transferred his motion, Zimmerman filed a Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment, arguing that the district court misconstrued his Rule 60(b) motion and improperly transferred it to this court.  The district court denied the Rule 59(e) motion, and Zimmerman timely noticed his appeal from this order.  This notice of appeal places the propriety of the underlying judgment, the transfer order, before this court.  *See Martinez v. Johnson*, 104 F.3d 769, 771 (5th Cir. 1997).

We are now faced with Zimmerman's request for a certificate of appealability (COA) to appeal the transfer order.  Because the transfer order is not a final order, no COA is needed to appeal it.  *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir.), *cert. denied*, 136 S. Ct. 431 (2015).  Zimmerman's request for a COA is DENIED AS UNNECESSARY.

Although Zimmerman's pro se arguments are liberally construed, he is nevertheless required to brief those arguments to preserve them.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir.1993).  All of Zimmerman's present arguments pertain to claims of ineffective assistance of counsel that he raised in his original § 2255 motion and to the lack of an evidentiary hearing in those proceedings.  Because Zimmerman has not briefed any challenge to the transfer order, we "deem that challenge to have been abandoned." *Hernandez v. Thaler*, 630 F.3d 420, 426 n24 (5th Cir. 2011).  Accordingly, we AFFIRM the district court's transfer order.