# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10899
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2017

Lyle W. Cayce
Clerk

HAROLD ALVIN MCGEE; ROSETTA MCGEE,

     Plaintiffs - Appellants

v.

CITI MORTGAGE, INCORPORATED; GOVERNMENT NATIONAL
MORTGAGE ASSOCIATION; CTX MORTGAGE COMPANY, L.L.C.;
BARRETT DAFFIN FRAPPIER TURNER & ENGEL, L.L.P.,

     Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-1746

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

This case concerns a home foreclosure. The plaintiff borrowers brought this pro se action against the defendant lenders asserting several claims related to a promissory note and deed of trust. The district court granted the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10899

defendants' motions to dismiss.  The district court later denied the plaintiffs' motion to alter or amend judgment.  We AFFIRM.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2006, Harold and Rosetta McGee executed a promissory note in the amount of $174,377 in favor of CTX Mortgage Company, LLC.  Days later, they secured the promissory note through a deed of trust on their residence in Mesquite, Texas.  The McGees state that CTX assigned the promissory note to CitiMortgage, Inc. in January 2006, and CTX sold the note two months later to the Government National Mortgage Association ("GNMA").

In April 2015, after the McGees defaulted on the note, CitiMortgage initiated foreclosure proceedings with the assistance of its foreclosure counsel, Barrett, Daffin, Frappier, Turner & Engel, LLP.  The McGees filed their original petition in Texas state court against CTX, CitiMortgage, GNMA, and the Barrett Daffin law firm, challenging the transfer and assignment of the promissory note and deed of trust.  The McGees' claims included breach of contract, slander of title, void assignment, and fraud.  They sought declaratory relief and punitive damages.

The defendants removed the case to federal court on the basis of diversity of citizenship, then filed motions to dismiss for failure to state a claim.  The McGees, in turn, filed a motion to remand to state court and opposed the motions to dismiss.  There was initially some dispute about whether there was diversity jurisdiction, and the magistrate judge requested supplemental filing on the issue.

On November 16, 2015, the district court entered an order determining CitiMortgage, GNMA, and CTX to be diverse defendants and the non-diverse law firm of Barrett Daffin to be improperly joined.  The district court concluded

that complete diversity existed among the parties despite the law firm's presence because the citizenship of the improperly joined party is disregarded for purposes of determining diversity jurisdiction. The court denied the McGees' motion to remand and granted the law firm's motion to dismiss it from the suit with prejudice.

Separately, and also on November 16, 2015, the district court granted the motions to dismiss filed by CitiMortgage, GNMA, and CTX. The district court accepted the magistrate judge's findings and recommendation, holding that the slander of title, breach of contract, and fraud claims were barred by the applicable statutes of limitation. The McGees' challenge to the assignment of the promissory note between CTX and CitiMortgage failed because they did not have standing to challenge it. Because the McGees' underlying causes of action were dismissed, the claim for declaratory relief failed as well. Finally, the court denied leave to amend the complaint because an amendment would have been futile. The court entered final judgment on November 16, 2015, dismissing all of the McGees' claims against the Barrett Daffin law firm, CitiMortgage, GNMA, and CTX.

On December 10, 2015, the McGees filed a pro se motion to have the court "reconsider its Order Granting Defendants' Motion to Dismiss on November 16, 2015." Recognizing the plaintiffs were proceeding pro se, and noting that the motion was filed within 28 days after entry of judgment, the district court treated the motion as a motion under Federal Rule of Civil Procedure 59(e) to alter or amend judgment. We note that the McGees did not ask for reconsideration of the portion of the judgment relating to the order granting the law firm's motion to dismiss. Moreover, the district court in ruling on the motion did not indicate that it considered the McGees to be challenging the dismissal of the claims against the law firm. On June 8, 2016, the district court denied the McGees' motion, characterizing it as "a near verbatim attempt

No. 16-10899

to relitigate objections that were overruled by the court . . . ."   The McGees appealed on June 23, 2016.

DISCUSSION

The Barrett Daffin law firm has filed a brief stating all claims against it should be dismissed.  As just noted, the plaintiffs did not move in the district court for reconsideration of the law firm's dismissal.  Further, the McGees have not made any argument on appeal to set the dismissal aside.  In fact, the only mention of Barrett Daffin on appeal is in the McGees' certificates of service and interested persons.  The dismissal of the firm is affirmed due to the absence of any relevant briefing.  *See United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010).

We now examine what the McGees have effectively appealed.  The notice of appeal said that the Plaintiffs were appealing

> the Order Denying [] Plaintiff's Motion for Reconsideration entered by this Court on June 8, 2016. A copy of the Judgment upon which the appeal is based is attached hereto.

The attachment to the notice is not the district court's final judgment, though, but it is the district court's June 8 order denying reconsideration.  The McGees' arguments on appeal are partly directed at the district court's decision to deny their motion for reconsideration and partly directed at the court's initial decision to deny their underlying claims.

A party may appeal from and challenge the denial of a Rule 59(e) motion to alter or amend judgment.  *Youmans v. Simon*, 791 F.2d 341, 349 (5th Cir. 1986).  "A notice of appeal from the denial of a timely [Rule 59(e)] motion brings up the underlying judgment for review."  *Martinez v. Johnson*, 104 F.3d 769, 771 (5th Cir. 1997).

Here, the pro se plaintiffs' briefing makes arguments about the district court's denial of their Rule 59(e) motion as well as about certain parts of the

4

district court's dismissal of their underlying claims. "[A] policy of liberal construction of notices of appeal prevails in situations where the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party." *C.A. May Marine Supply Co. v. Brunswick Corp.*, 649 F.2d 1049, 1056 (5th Cir. 1981). In one case, we allowed the broader appeal because it was "clear that [the plaintiff], although nominally appealing the denial of the motion to reconsider, intended to appeal the merits of the underlying judgment." *Fletcher v. Apfel*, 210 F.3d 510, 512 (5th Cir. 2000).

In light of the clarity in the briefing, we will recast the McGees' notice of appeal as also bringing the parts of the final judgment here that rejected their arguments about void assignments. The McGees have argued throughout this litigation that the assignment of the promissory note between CTX and CitiMortgage was void. This claim was consistently rejected for lack of standing because, in Texas, "an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor . . . ." *See Reinagel v. Deutsche Bank Nat'l Tr. Co.*, 735 F.3d 220, 225 (5th Cir. 2013). The district court held that the McGees had failed to allege a claim that, if true, would render the assignment void as opposed to voidable.[1] The McGees also based their arguments on an alleged failure to record the assignment, citing TEX. LOC. GOV'T CODE § 192.007. We have held that Section 192.007 "imposes no duty to record." *Harris County Texas v. MERSCORP, Inc.*, 791 F.3d 545, 556 (5th Cir. 2015).

For the first time on appeal, the McGees attempt to avoid these obstacles by arguing the defendants had no authority under the promissory note and

---

[1] As the district court noted, even if the McGees had standing to challenge the assignment, their substantive challenges to the assignment appeared to be without merit.

deed of trust to make assignments and foreclose on the property. Standing might not be an impediment to making such a claim because they were parties to the note and deed of trust. It is simply too late, though, to recast this argument. The McGees had ample opportunities to press this claim in the district court. We decline to consider it for the first time on appeal. *See In re Paige*, 610 F.3d 865, 871 (5th Cir. 2010).

The McGees also challenge the district court's denial of their "motion for reconsideration," which was deemed a Rule 59(e) motion because it was filed within 28 days of entry of judgment. *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Denial of a Rule 59(e) motion is reviewed for abuse of discretion. *Martinez*, 104 F.3d at 771. A Rule 59(e) motion is appropriate "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy*, 702 F.3d at 182. The motion is inappropriate "to raise arguments or claims that could, and should, have been made before the judgment issued." *Id.* (quotation marks omitted).

We agree with the district court that the McGees' Rule 59(e) motion was an attempt to litigate objections already rejected by the court. The motion did not identify a change in the law, present new evidence, or identify a manifest error of law or fact. The district court did not abuse its discretion in denying the motion.

Finally, the McGees argue the district court erred in denying their requests to amend the complaint. The McGees first moved to amend their complaint to include a claim of trespass to try title or quiet title. The district court determined that the proposed amendment was futile because the claims would be barred by the applicable statutes of limitation and would therefore

No. 16-10899

fail to state a claim upon which relief could be granted.[2]  Several months after the district court entered judgment, the McGees again requested leave to amend.  They stated they were prepared to allege proper causes of action with newly discovered evidence, but no new evidence was mentioned.  The district court denied the request, noting that any amendment would have been futile and would have unnecessarily delayed resolution of the case.

"Whether leave to amend should be granted is entrusted to the sound discretion of the district court, and that court's ruling is reversible only for an abuse of discretion."  *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).  The district court may deny leave to amend if the amendment would be futile because "the amended complaint would fail to state a claim upon which relief could be granted."  *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).  Additionally, where a party seeks to amend after judgment is entered, "we have consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling."  *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 420 (5th Cir. 2010) (quotation marks omitted).  All of the McGees' proposed amendments were futile or untimely.  The district court did not abuse its discretion in denying leave to amend.

AFFIRMED.

---

[2] The court also determined that Harold McGee would be judicially estopped from bringing the proposed claims because the claims would be inconsistent with the stance he took in previous bankruptcy proceedings.