# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10564

United States Court of Appeals
Fifth Circuit

**FILED**
June 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

JACK ZIMMERMAN,

      Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-4108

Before DAVIS, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:*

Jack Zimmerman, federal prisoner #39657-177, pleaded guilty in 2010 to enticement of a minor and production of child pornography. He was sentenced to 360 months of imprisonment and lifetime supervised release. Zimmerman appealed; this court dismissed the appeal and granted counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). *See United States v. Zimmerman*, 461 F. App'x 383, 383–84 (5th Cir. 2012).

---

   * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10564

Zimmerman next moved for relief in the district court under 28 U.S.C. § 2255, raising several claims of ineffective assistance of counsel. The district court denied the motion. Zimmerman filed a timely notice of appeal from the denial.

While his appeal from the district court's denial of his § 2255 motion was pending, Zimmerman moved for reconsideration of his § 2255 motion under Fed. R. Civ. Pro. 60(b). The district court denied Zimmerman's Rule 60(b) motion. This court also denied Zimmerman's petition for a Certificate of Appealability ("COA") to appeal the district court's denial of his § 2255 motion.

Zimmerman next filed a second Rule 60(b) motion in the district court. The magistrate judge found that this second motion effectively reiterated Zimmerman's ineffective assistance of counsel claims, and so recommended construing the motion as an unauthorized successive § 2255 motion and transferring it to this court. Zimmerman objected, arguing that the second motion did not duplicate the first. The district court overruled Zimmerman's objections, adopted the magistrate judge's findings and conclusions, construed the motion as a successive § 2255 motion, transferred Zimmerman's motion to this court, and denied him a COA. Zimmerman filed a mandamus application with this court. We denied mandamus relief, but construed the application as a timely notice of appeal of the transfer order. That appeal is at issue here.

In the meantime, however, after the district court transferred Zimmerman's second Rule 60(b) motion to this court as an unauthorized successive § 2255 motion, Zimmerman filed a timely Rule 59(e) motion in the district court to alter or amend the transfer order. The district court denied the motion. Zimmerman appealed the denial of his Rule 59(e) motion. In considering that appeal, this court expressly observed that Zimmerman's appeal of the denial of his Rule 59(e) motion put before this court the issue of "the propriety of the underlying judgment, the transfer order." *United States*

2

No. 15-10564

*v. Zimmerman*, No. 15-11042, 2017 WL 383374, at *1 (5th Cir. Jan. 26, 2017). Zimmerman's only arguments on appeal, however, pertained exclusively to "claims of ineffective assistance of counsel that he raised in his original § 2255 motion and to the lack of an evidentiary hearing in those proceedings." *Id.* This court concluded that Zimmerman had abandoned his challenge to the transfer order, and affirmed the district court's transfer order.

Thus, Zimmerman has already appealed the transfer order. The instant appeal is duplicative and is DISMISSED as frivolous on that basis.[1] *See Patterson v. Dretke*, 95 F. App'x 705, 706 (5th Cir. 2004); *Jackson v. Ward*, 116 F.3d 477, 477 (5th Cir. 1997) (per curiam); 5th Cir. R. 42.2.

---

[1] Zimmerman moved in this court for relief under the inherent powers doctrine on the basis that the Government did not file an opposition brief. That motion is DENIED. *See Naranjo v. Thompson*, 809 F.3d 793, 802 (5th Cir. 2015) (quoting *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1362 n.20 (5th Cir. 1978)) ("Action taken by a federal court in reliance on its inherent powers must somehow be indispensable to reaching a disposition of the case.").