# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-41015
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 3, 2020

Lyle W. Cayce
Clerk

SHERON GABRIEL TERRELL,

Plaintiff-Appellant

v.

GARY HUNTER; DONALD MUNIZ; MICHAEL BUTCHER; BONNY BURKS; BRANDY MOSLEY; RACHAEL SMITH; TIMOTHY FITZPATRICK; SAVANNAH HARRIS,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:15-CV-123

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Sheron Gabriel Terrell, Texas prisoner # 1779108, appeals *pro se* the district court's dismissal of his civil rights complaint, based on 28 U.S.C. § 1915(e)(2)(B), against various employees of the Texas Department of Criminal Justice. The district court held that the constitutional and state-law claims asserted by Terrell, related to prison disciplinary case number

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-41015

20130333522, were frivolous and failed to state a claim upon which relief may be granted. Because Terrell failed to file objections to the magistrate judge's report and recommendation, our review is for plain error. *See Longoria ex rel. v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 270 (5th Cir. 2019).

Terrell has filed a motion requesting that this case be consolidated with appeal number 18-41016. His motion to consolidate is DENIED.

Terrell has raised no argument with respect to the district court's determinations that the claims against the defendants in their official capacities were barred by Eleventh Amendment immunity; that Terrell had not shown that the supervisory defendants were liable because of personal involvement in a constitutional deprivation or implementation of a constitutionally deficient policy; and that his claims related to the prison disciplinary proceeding were barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Terrell has waived those issues by failing to brief them. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

Terrell argues that counsel should be appointed because of the complexity of the factual issues. Terrell states that he needs counsel to challenge the conviction for which he is incarcerated but that is not at issue in this case. It is unclear whether Terrell wishes to assert that the district court erred in denying his motion for appointment of counsel, in which case no abuse of discretion has been shown, or whether he is requesting this court to appoint counsel, in which case the request is DENIED. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

Next, Terrell contends that the conditions of his confinement prevented him from filing timely objections to the magistrate judge's report and recommendation. He also argues that the 10-day extension of time he received to file objections was inadequate, and that the district court erred in denying

as moot his "motion to revitalize."  Except insofar as these contentions relate to the difficulties presented by the pendency of his *habeas* case during the period when his objections were due, they were raised for the first time in the motion to revitalize.  Terrell has not filed a notice of appeal from the denial of that motion and we thus lack jurisdiction to consider it.  *See Fiess v. State Farm Lloyds*, 392 F.3d 802, 806–07 (5th Cir. 2004).  To the extent that Terrell wishes to challenge the district court's ruling on his motion to extend the period for filing objections to the magistrate judge's report and recommendation, no abuse of discretion has been shown.  *See Martinez v. Johnson*, 104 F.3d 769, 771 (5th Cir. 1997).

With respect to the merits of his claims for denial of access to the courts, Terrell contends that the district court erred in dismissing his claim against corrections officer Bonny Burks.  Terrell makes no effort to explain how Burks's actions negatively impacted any of his legal proceedings.  *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).  Terrell complains of the seizure of his legal materials by the defendants in another civil action, but that seizure does not relate to the constitutional claims asserted in this case.

Terrell offers conclusory arguments that disciplinary proceedings were initiated against him in retaliation for exercising his right of access to the courts; that state officials conspired to deny him equal protection by failing to act upon his grievance about the retaliation; that the inspector general determined that no investigation into the prison officials' conduct would be conducted; that classification officers moved him in retaliation for filing grievances and lawsuits; that his grievance against the classification officers was improperly discarded; that his reclassification interfered with his religious observance; and that he has been denied access to public officials.

No. 18-41015

Terrell offers all of these unsupported and generalized assertions to show that he "has been experiencing a campaign of harassment for the last six (6) years on the Polunsky Unit." He contends that all of his civil actions are interrelated and should be consolidated; that the conditions at the Polunsky Unit have prejudiced his position as a litigant; that this court should remand the case and order the district court to appoint counsel "for every complaint that occurred on the Polunsky Unit;" and that this court should order his transfer to another unit. Terrell has confused his various legal proceedings. No error has been shown, plain or otherwise.

The appeal is DISMISSED AS FRIVOLOUS.

Prior to the commencement of this action, Terrell had accumulated two strikes for purposes of 28 U.S.C. § 1915(g). *See Terrell v. Mustfa*, No. 3:13-CV-187 (S.D. Tex. May 21, 2014) (strike 1); *Terrell v. Cox*, No. 3:14-CV-35 (S.D. Tex. July 29, 2016) (strike 2). Both the dismissal of Terrell's complaint here by the district court as frivolous and for failure to state a claim and the dismissal of this appeal as frivolous count as strikes for purposes of 28 U.S.C. § 1915(g). *McGarrah v. Alford*, 783 F.3d 584, 584–85 (5th Cir. 2015). Therefore, because Terrell now has at least three strikes, he is subject to the Section 1915(g) bar. Terrell may not proceed *in forma pauperis* in this or any other federal lawsuit unless he is in imminent danger of serious physical injury. *See* § 1915(g). Terrell is WARNED that the filing of actions or appeals that are frivolous or fail to state a claim will result in the imposition of additional and more severe sanctions.

4